JOHN DUNN v. STATE OF NEBRASKA.

FILED JUNE 21, 1899.  No. 10705.

1. Assault with Intent to Rape: CONVICTION. Evidence examined, and found sufficient to sustain the verdict.

2. Information: VENUE. An information whose caption is "State of Nebraska, Greeley County, ss.," and which charges that a designated crime was committed "in said county and state aforesaid," alleges the venue with sufficient certainty.

3. ———: CRIMINAL ASSAULT: NAME OF VICTIM. Identity of name ordinarily affords a presumption of identity of person; and where the name of the victim of a criminal assault is the same in two

Dunn v. State.

counts of an information, the law presumes that the reference in both counts is to the same person.

4. ————: COUNTS: INSTRUCTIONS. An instruction is not erroneous which, in substance, informs the jury that a conviction on either count of an information would be warranted only by proof beyond a reasonable doubt of the essential elements of the crime charged in such count; and that there might be a conviction on one count and an acquittal on the other.

5. Rape: RESISTANCE: INSTRUCTIONS. For the purpose of illustrating the proposition that in prosecutions for rape the measure of the woman's resistance need not be in all cases the same, it is not error for the court to say to the jury, irrespective of the facts of the particular case, that "a strong, able-bodied woman could protect herself when a girl fourteen years old could not."

6. ————: CORROBORATIVE EVIDENCE: INSTRUCTIONS. It is not essential, in a trial for the crime of rape, that the prosecutrix be corroborated by direct evidence of the particular fact constituting the crime. Proof of incriminating circumstances and corroborative facts is sufficient, and an instruction which so states the law is not erroneous.

7. Assault With Intent to Rape: EVIDENCE. To warrant a conviction for an assault with intent to commit a rape the evidence must show beyond a reasonable doubt that the accused at the time intended to use whatever force might be necessary to overcome all resistance and accomplish his purpose.

8. Instructions: CONSTRUCTION. Two paragraphs of a charge to the jury, one immediately following the other, will be considered together, and treated as one, when they relate to a particular phase of the case, and each is plainly complemental of the other.

9. ————: REPETITIONS. After a jury in a criminal case has been once informed that there can be no conviction without proof beyond a reasonable doubt, and that their conclusion should be based on the evidence, the failure to reiterate such statements in other paragraphs of the charge is not error.

10. Witnesses: OBJECTION TO QUESTIONS. A party cannot reserve his objection to a question calling for incompetent testimony until the answer of the witness has been received. Such reservation is deemed a waiver of the right to object.

11. Rape: EVIDENCE. In a prosecution for rape evidence of the conduct and exclamations of the prosecutrix, tending to show that she was sick and lame for several days after the assault, is competent.

ERROR to the district court for Greeley county. Tried below before THOMPSON, J. *Affirmed,*

*Doyle & Lanigan,* for plaintiff in error.

*C. J. Smyth, Attorney General,* and *W. D. Oldham, Deputy Attorney General,* for the state.

SULLIVAN, J.

There are two counts in the information. In the first the defendant John Dunn is charged with the ravishment of Louise I. Lund; in the second he is charged with a felonious attempt to ravish her. The trial resulted in an acquittal on the first count and a conviction on the second. We will not discuss the evidence, for it would serve no useful purpose to do so. That it is sufficient to sustain the verdict in favor of the state, we entertain no sort of doubt; and we may add that if the defendant had been found guilty of rape, we should not disturb the verdict on account of any weakness in the proof.

The first count of the information was unsuccessfully assailed by a motion to quash and a general demurrer. It is now contended that there was no averment that the crime therein alleged was committed within the territorial jurisdiction of the court. The caption of the information is: "State of Nebraska, Greeley County, ss." Then follows a recital that James R. Swain is county attorney of Greeley county, and an allegation that the defendant, "in said county and state aforesaid," committed the offense. This was sufficient to fix the venue. The caption was by reference incorporated into and made a part of the information. The precise point was raised and decided in *Bartley v. State,* 53 Neb. 310. In that case NORVAL, J., delivering the opinion, said: "Whether the caption is or is not a part of an information, it is unnecessary to determine. The venue given at the top of this information, it is very evident, was made a part thereof by reference had thereto in the third count of the information. This doctrine was recognized and applied, with respect to a criminal complaint before a justice of the peace, in *Rema v. State,* 52 Neb. 379,"

By special demurrer, and also by a motion to require the state to elect upon which count it would proceed to trial, the defendant challenged the authority of the court to try him on both charges. The argument is that the information contains no direct averment that the victim of the felonious assault and the victim of the rape was the same person. The evidence given on the trial having shown conclusively that both counts relate to the same transaction, the point is not of real importance; but if it were, the identity of name would afford a presumption of identity of person and justify the ruling of the district court. (1 Jones, Evidence sec. 99; *State v. Kelsoe*, 76 Mo. 505; *State v. McGuire*, 87 Mo. 642; *People v. Rolfe*, 61 Cal. 541; *Campbell v. Wallace*, 46 Mich. 320.)

It is asserted that the third paragraph of the court's charge to the jury assumes that the defendant committed the crime described in the second count. The language in question is as follows: "You are instructed that the burden rests upon the state to prove every material allegation in each count in the information beyond a reasonable doubt, and unless the allegations are so proven you cannot find the defendant guilty upon such count as is not so proven; but if you should find that it was not so proven upon the first count, but was so proven upon the second count, in that case your verdict would be guilty upon the second count of the information." This instruction is not artistically framed, but its plain import is that conviction of the crime charged in either count would be warranted only by proof beyond reasonable doubt of the essential elements of such crime, and that there might, according to the finding of the jury, be a conviction on one count and an acquittal on the other. To extract any other meaning from it requires a ruthless distortion of the text.

Exception is taken to the following language found in the tenth paragraph of the charge to the jury: "A strong, able-bodied woman could protect herself when a girl fourteen years old could not." The statement is criti-

cised as being inapplicable, because the evidence disclosed no striking disparity of age, intelligence, or physical development between the prosecutrix and the accused. The sentence quoted, standing alone, would seem to be incapable of mischief. Being the suggestion of a common-place fact, it is difficult to see how it could have beguiled an intelligent jury into error. It was designed merely to illustrate the proposition that the measure of resistance required of the woman is not necessarily the same in all cases. In its proper environment it was certainly harmless. (*Richards v. State*, 36 Neb. 17; *Thompson v. State*, 44 Neb. 366; *People v. Connor*, 27 N. E. Rep. [N. Y.] 252.)

The court said to the jury in the eleventh paragraph of the instructions: "You are instructed that in the case of rape it is not essential that the prosecutrix should be corroborated by the testimony of other witnesses as to the particular act constituting the offense, and if the jury believe from the testimony of the prosecutrix and the corroborating circumstances and facts testified to by other witnesses, that the defendant did make the assault as charged, * * * the law would not require that the testimony of the prosecutrix should be corroborated by other witnesses as to what transpired at the immediate time and place when it is alleged the assault was made." The vice imputed to this instruction is that it told the jury that they might convict the defendant without any evidence corroborating the testimony of the prosecutrix in regard to the alleged criminal act. While the law in this class of cases requires that the prosecutrix shall be corroborated, it does not demand that the corroboration shall be by direct evidence of the particular fact constituting the crime. Proof of incriminating circumstances is sufficient. (*Krum v. State*, 19 Neb. 728; *Fager v. State*, 22 Neb. 332; *Hammond v. State*, 39 Neb. 252.) This is exactly the idea which the instruction conveys. It is not susceptible, we think, of any other reasonable interpretation.

The giving of the twelfth and thirteenth paragraphs of the charge is assigned for error. They are as follows: (12.) "To constitute the crime charged in the second count of the information, there must have been an attempt to commit rape, and that intent must have been manifested by an assault for that purpose upon the person of the prosecutrix, Louise I. Lund, and in order to convict the defendant the jury must be satisfied beyond a reasonable doubt that he did use force, and that against the will of the said Louise I. Lund, in an attempt to have sexual intercourse with her." (13.) "You are instructed that to sustain a conviction for assault with intent to commit rape the evidence must show that the accused had a purpose, not only to have sexual intercourse with the prosecutrix, but must have intended also to use whatever degree of force might be necessary to overcome her resistance and accomplish his object." To entitle the state to a verdict on the second count it was necessary that there should be, not only sufficient proof of the alleged assault, but also proof beyond a reasonable doubt that the accused at the time intended to use whatever force might be necessary to overcome all resistance and accomplish his purpose. (*Krum v. State, supra; Johnson v. State*, 27 Neb. 687; *Skinner v. State*, 28 Neb. 814.) In the first of these instructions the jury were told that they could not convict the defendant without finding that he intended to use force to execute his will. In the second they were plainly informed that a conviction could not be sustained unless he intended to employ a specific degree of force. These two instructions are practically one; they deal with a particular phase of the case, and, being in juxtaposition, were undoubtedly considered together by the jury and each interpreted in the light of the other. In view of the evidence, which tends to show that the prosecutrix was a willing and active participant in the affair, or else the victim of a brutal and determined assault, we think it impossible that the jury were misled by the instructions.

A further complaint against the twelfth paragraph of the charge is that it did not tell the jury that their verdict must be based on the evidence. In *Elliott v. State*, 34 Neb. 53, it was held that the failure of the court to advise the jury that their finding must rest upon actual proof is reversible error. That case is differentiated from this by the fact the court there gave no direction at all in regard to the matter. In this case, in another part of the charge, the court told the jury that there could be no conviction without proof beyond a reasonable doubt, and that the proof should be deemed to be beyond a reasonable doubt when the evidence impressed them with a conviction upon which they would act without hesitation in the more important affairs of life. Furthermore, the jury were by the fifteenth instruction directed to carefully consider all the evidence and bring in their verdict accordingly. The objection to the instruction is without merit.

The fourteenth instruction relates to the complaints made by the prosecutrix that an outrage had been perpetrated upon her. It seems to be a perfectly accurate statement of the law on that subject and, as an abstract proposition, is not questioned by counsel for defendant. It is insisted, however, that its practical effect was to permit the jury to consider incompetent evidence received over defendant's objection. It appears that Garfield Luse, being called as a witness, testified that the prosecutrix told him of the assault immediately after it was committed. He was then asked, "Did she say that Barney Dunn had thrown her out of the buggy?" She answered, without objection, "Yes, sir." After the answer was received an objection was interposed and the court overruled it. The defendant tendered an instruction stating that the prosecutrix might be asked whether an outrage had been committed on her and that she might answer yes or no; but that the particulars of the complaint were not competent evidence, and that the testimony of Garfield Luse as to the particular facts of the

complaint should not be considered in reaching a verdict. The question propounded to Luse was manifestly improper. It plainly called for incompetent evidence, but the right to object to it was waived. A party cannot reserve his objection until his adversary's question has elicited an unsatisfactory answer. (*Oberfelder v. Kavanaugh*, 29 Neb. 427; *Brown v. Cleveland*, 44 Neb. 239; *Western Home Ins. Co. v. Richardson*, 40 Neb. 1.) The evidence being before the jury, they were entitled to consider it. The defendant's instruction was rightly refused for another reason. The rule stated in the introductory part would exclude from consideration the testimony of the prosecutrix touching the complaints made by her, notwithstanding the fact that the whole of such testimony was received without objection.

The fifth instruction requested by the defendant was properly refused, for the reason that the substance of it was included in the general charge, and because it contains an unwarranted assumption that the mother of the prosecutrix had accused her of lewdness.

Evidence of the conduct and exclamations of the prosecutrix tending to show that she was sick and lame for some days after the assault was properly received.

There is no material error in the record and the judgment is

AFFIRMED.