Cronin v. Cronin.

DENNIS H. CRONIN, APPELLANT, V. DANIEL J. CRONIN ET AL., APPELLEES.

FILED DECEMBER 10, 1910.   No. 16,218.

1. **Taxation:** PUBLICATION OF DELINQUENT TAX LIST: DESIGNATION OF NEWSPAPER. When the county board has designated the news-paper in which the notice and delinquent tax list and notice of tax sale shall be published under the provisions of the act of 1903 for the collection of delinquent taxes, the treasurer has no discretion in the matter. . It is his duty to publish the notice and tax list in the paper so designated within the time and in the manner provided by the act.

2. **Counties:** PUBLICATION OF DELINQUENT TAX LIST: LIABILITY OF TREASURER. When the treasurer refuses upon demand to furnish such notice and list to the proprietor of the paper so designated for publication, and such proprietor is damaged by such refusal, the treasurer is liable for such damages, and the same may be recovered in an action upon his official bond.

APPEAL from the district court for Holt county: WILLIAM H. WESTOVER, JUDGE. *Reversed.*

*R. R. Dickson,* for appellant.

*McGilton, Gaines & Smith* and *Arthur F. Mullen,* contra.

SEDGWICK, J.,

The plaintiff alleged in his petition in the district court that Holt county was proceeding under the act of 1903 for the collection of delinquent taxes, commonly called the "Scavenger Act," and in those proceedings the county board, pursuant to the statute, duly designated the "O'Neill Frontier," a newspaper then owned and published by the plaintiff, as the paper in which the delinquent tax list should be published, and that the treasurer of the county wilfully refused to furnish the plaintiff with the copy of the list for publication, but did furnish it to a rival paper in which it was published. The plain-

tiff in the action sought to recover damages from the treasurer and the sureties upon his official bond, who were made defendants, for the wrongful conduct of the treasurer in that regard. Each of the defendants separately filed a general demurrer to the petition, which demurrers were sustained by the court and the action dismissed. The plaintiff has appealed.

The plaintiff does not set out at large the facts from which the damages which he claims should be estimated, but no objection is made to the petition in the briefs upon this ground, and we are therefore assuming that the allegations are sufficient to show that the plaintiff has suffered at least some damages. The contention of the defendants is that the plaintiff has shown no such interest in this publication as would entitle him to maintain this action; that his interest is too remote and contingent to be the basis of a right of which the law takes cognizance; that this act was not passed to enable Mr. Cronin to receive benefits from his paper; "that was no part of the design of the legislature." It is said in the brief that the action of the county board designating the plaintiff's paper is not in any sense a contract; that the contract is made by the treasurer, and not by the county board; and that where there is no contract there can be no breach, and, as Cronin was under no obligation to publish the tax list, there was no obligation on the part of the treasurer to furnish him with the list, since in order that there shall be a binding contract there must be a mutual obligation.

The defendants have furnished us with an interesting brief in which they cite upon this proposition *Smith v. Yoram*, 37 Ia. 89; *Iowa News Co. v. Harris*, 62 Ia. 501, and *Strong v. Campbell*, 11 Barb. (N. Y.) 135. *Smith v. Yoram, supra*, was a proceeding by certiorari to correct the proceedings of the board of supervisors of Jones county in the matter of selecting a newspaper in which the laws and proceedings of the board should be published. In the opinion, quoting from a former decision

by that court, it was said: "No publisher has such a vested, personal interest in enforcing its provisions, that he can thus resort to the courts, and compel the board to select his paper and have these laws published therein. The duty is imposed on the board; they are the custodians of the power, but no one can insist upon its performance or exercise because he happens to be at the time the owner of a newspaper." *Strong v. Campbell, supra,* which was the decision of a *nisi prius* court, was an action for damages by the proprietor of a newspaper against a postmaster for refusing to receive proof in regard to the circulation of the paper and refusing "to give them the publishing of the list of letters remaining in the post office." The court, by Johnson, J., said: "I have not deemed it necessary to examine the questions raised as to the sufficiency of the averments in the declaration conceding the action to be maintainable, because in my judgment there is no foundation whatever in law for an action, under any conveivable state of pleading, for such a cause." While these and other similar cases which we have examined are perhaps distinguishable from the case at bar, it must be said that much of the reasoning employed might be applied to this case also. The circumstances out of which this litigation arose have been already twice considered by this court. In *State v. Cronin,* 75 Neb. 738, this plaintiff sought by mandamus to compel this defendant as county treasurer to furnish him with the notice in question for publication. The facts upon which this litigation depends were stated somewhat at length in that opinion. The principal question to be decided was whether the county board had duly designated the plaintiff's paper as the one in which the notice was to be published. It seems to have been conceded or assumed that, if the plaintiff's paper had been duly designated by the county board, the defendant as treasurer had no discretion in the matter, and, indeed, this would seem to be the effect of the legislation upon this subject. The right of the plaintiff as relator to main-

tain the action appears not to have been doubted or dis-
cussed. It was said that the trial court was justified in
denying the writ, "because it appears to be conceded that
it would have been unavailing had. it issued, the time
being too short after the decision of the district court to
take the steps and make the preparation necessary to
enable the appellant to publish the list within the time
required by law." It is also said that "the appellant's
right to publish the list * * * was a mere abstract
right. * * * But the situation was different when this
suit was begun. At that time, had the appellee moved
promptly to the discharge of his duty, the appellant could
have made the publication." While the writ was. not
awarded, the costs of the proceedings were taxed against
the defendant. This was done solely upon the ground
that the relator was entitled to the writ at the time that
the action was begun. This, then, was a determination by
this court that the plaintiff in this case had such an in-
terest in the matter as to enable him to maintain an ac-
tion against the defendant. Again, in Miles. v. Holt
County, 86 Neb. 238, which was an action against the
county by the publisher of the newspaper in which the
notice in question was actually published by the treas-
urer, it is said that the publication was made in the wrong
paper; that the treasurer acted wilfully in the matter,
and former decisions in this court in which similar rights
have been asserted were cited and quoted from without
criticism. It would seem that this court is committed to
the proposition that the plaintiff has such an interest as
to enable him to maintain the action. There are some
considerations justifying this conclusion that perhaps
cannot be found in the cases cited by the defendant.
Under our statute, the duty is in the first instance im-
posed upon the county board to designate the paper in
which these publications are to be made. When the
county board has acted and has designated .the paper for
that publication, the treasurer has no discretion in the
matter. It is his duty to furnish the notice for publica-

tion to the paper designated by the county board. The petition alleges that after this designation had been made this defendant was notified of that fact by the county clerk, and was personally notified by the plaintiff, and was informed by the plaintiff that he, the plaintiff, had made preparation to publish the list as directed by the county board and was ready to do so, and demanded that the list be furnished to him by the treasurer for that purpose, which was refused by the treasurer. If it is conceded, as it appears to be in these briefs, that the plaintiff had accepted the proposition of the county board to publish the list in his paper, and that the treasurer deprived him of the legitimate profit by his unlawful act, we think that the petition states a cause of action for such damages as the plaintiff has sustained by the misconduct of the defendant. The general demurrer of the defendant and his sureties should be overruled.

The judgment of the district court is reversed and the cause remanded.

                                             REVERSED.

ROSE, J., not sitting.