DENNIS H. CRONIN, APPELLANT, V. DANIEL J. CRONIN ET AL., APPELLEES.

FILED SEPTEMBER 26, 1913. No. 17,654.

1. **Appeal:** LAW OF THE CASE. The determination of questions presented to the supreme court becomes the law of the case, and, ordinarily, will not be re-examined when the case is again brought up for review.

2. **Taxation:** PUBLICATION OF DELINQUENT TAX LIST: NEWSPAPERS: ORDER OF COUNTY BOARD. A motion adopted by a county board that "the printing of the scavenger delinquent tax list was awarded to the O'Neill Frontier," *held*, not a designation of such newspaper as the one in which subsequent notices in the same suit should be published.

3. **Appeal:** RULINGS: HARMLESS ERROR. "To warrant the reversal of a judgment it must affirmatively appear from the record that the ruling with respect to which error is alleged was prejudicial to the rights of the party complaining." *Dobry v. Western Mfg. Co.*, 58 Neb. 667.

4. ———: VERDICT: INADEQUACY. The verdict of a jury will not be set aside on the sole ground of inadequacy of amount, where it appears that substantial justice has been done.

APPEAL from the district court for Holt county: JAMES J. HARRINGTON, JUDGE. *Affirmed.*

*Brome & Brome* and *W. K. Hodgkin,* for appellant.

*McGilton, Gaines & Smith* and *Arthur F. Mullen,* contra.

FAWCETT, J.

This is the fourth time we have been called upon to decide some phase of this controversy. *State v. Cronin,* 75 Neb. 738; *Miles v. Holt County,* 86 Neb. 238; *Cronin v. Cronin,* 88 Neb. 141. Reference is made to those opinions for a history of the controversy, and to the last of said opinions for a statement of the issues tendered by the petition in this action. An examination of that opin-

ion will show that when this action was commenced a general demurrer was interposed to the petition and sustained by the district court. Upon appeal to this court, the petition was carefully examined, and, as shown in the opinion by SEDGWICK, J., was held good, and the judgment of the district court reversed. Upon the trial of the case to a jury upon the merits, the district court, on motion of defendants, over the objection of plaintiff, dismissed plaintiff's second cause of action. The trial resulted in a verdict for plaintiff on his first cause of action for $1,011.66. From this judgment plaintiff appeals.

Defendants ask us to review our decision on the former hearing as to the sufficiency of the petition. The petition was then carefully examined, and, without division of the court, was held to be sufficient. We therefore apply the rule that that decision became the law of the case.

Plaintiff's first assignment of error is that the court erred in dismissing his second cause of action. From a reading of the history of the case in our former opinions above cited, it will be seen that this controversy grows out of the publication of certain notices in what is termed the scavenger tax suit for Holt county. Plaintiff's first cause of action is based upon the allegation that defendant Cronin, who was county treasurer, notwithstanding the fact that the county board had designated the O'Neill Frontier, plaintiff's newspaper, as the newspaper in which "the delinquent tax list" should be published, delivered such list to the Holt County Independent, a rival newspaper. His second cause of action is based upon the allegation that defendant Cronin also delivered to the Holt County Independent the notice respecting the sale at public auction of the parcels of real estate, consisting of lands and lots, ordered sold by the decree entered by the district court after the publication of the delinquent tax list, upon which the first cause of action is grounded. It is admitted in the record that the only designation ever made by the county board was on April 21, 1905, prior to the publication of the delinquent tax list, in the following

language: "On motion, the printing of the scavenger de-linquent tax list was awarded to the O'Neill Frontier." After the delinquent tax list had been published, improp-erly as we have held, in the Holt County Independent, the county board was fully advised, by the commencement of the action reported in 75 Neb. 738, of the fact that the defendant treasurer was proceeding upon the theory that the board had not designated the newspaper in which the notices in the scavenger suit should be published. With this knowledge, the board made no attempt at any further designation of a newspaper. The contention of plaintiff is that the designation made by the board on April 21 applied to and included all notices to be pub-lished at any stage of the proceedings in the scavenger suit. We think the district court did not err in holding adversely to plaintiff on this contention. The opinion by Mr. Commissioner ALBERT, in 75 Neb., pp. 741, 742, shows very clearly that there is a decided distinction between the two notices. In order to hold that the designation of April 21 of the Frontier as the paper in which should be published "the scavenger delinquent tax list" covered the notice of sale under a decree to be subsequently entered, we would have to read into the order made by the board language which it does not contain. In an action of this character, such a course would be unwarranted. Plain-tiff's first assignment, therefore, must fail.

The second assignment is that the court erred in re-ceiving in evidence, over plaintiff's objection, testimony of defendant Cronin to the effect that, before designating the Holt County Independent as the paper in which to publish the delinquent tax list, he consulted the county attorney, and was advised by him that he had a right to make such designation. As plaintiff recovered a sub-stantial verdict and judgment upon his first cause of ac-tion, we are unable to see wherein this ruling of the court in any manner prejudiced him. It is therefore unneces-sary to consider whether or not the ruling was erroneous. The same may be said of the third assignment, which is

that the court erred in admitting evidence that defendant Cronin had accounted to the county for all the docket fees and funds that he collected as county treasurer in the tax suit.

The fourth assignment is that the court erred in receiving in evidence testimony of the witness Elrod, on behalf of defendants, that he had examined the notice of the tax suit published in the Holt County Independent, and that it was "fatted" about one-half; and, fifth, that the court erred in giving instruction No. 6. These two assignments must stand or fall together. It appears from the evidence that the notice which the treasurer caused to be published in the Holt County Independent was prepared about the time or immediately after the order of the board of April 21, and that the notice was published in the Holt County Independent as prepared by the clerk. The contention of plaintiff is that, under his first cause of action, he was entitled to recover what his profits would have been in publishing that particular notice, while the contention of defendants is that plaintiff could not base an estimate of his profits on the notice published in the Independent, but that he was only entitled to profits on a notice properly prepared, and that in an action of this kind, where he is seeking to recover damages for the loss of profits which he would have made if he had been permitted to do something which he has not in fact done, defendants are entitled to have the damages minimized by excluding from the computation everything in the tax notice which was in the nature of surplusage, or, in other words, which might have been omitted without destroying the efficiency of the notice. The testimony objected to was along that line, and the language of the court in instruction No. 6 upon that point is: "But it would be the duty of the plaintiff, in order to make the damage as light as possible, to publish said notice in the least possible number of squares and at the same time have it perfectly legible. But the plaintiff would not be required to publish said notice in so small type or to make said notice

so short or so abbreviated as to make it misleading." We incline to the view taken by the trial court, but do not decide the point for the reason which we will give in considering the sixth and seventh assignments of error.

These assignments are that the verdict of the jury is contrary to the evidence, in that the verdict is much less than the amount plaintiff was entitled to recover under the undisputed evidence respecting the first cause of action, and the verdict is contrary to the instructions of the court, in that it is much less than the amount which should have been returned upon the evidence and under the instructions given. The action of defendant Cronin in depriving plaintiff of the right granted him by the county board was in every sense unwarranted. As said by Mr. Commissioner ALBERT, in his opinion in 75 Neb. 738, we are unable to view the conduct of defendant "in any other light than as a wanton disregard of duty and a reckless attempt to thwart the purpose of the governing body of the county." He perpetrated a wrong upon plaintiff for which he should answer, and for which the judgment in this case compels him to answer; but the fact that he did wrong does not justify permitting the plaintiff to mulct him in an unreasonable sum; that is to say, he should be compelled to respond in a sum which will give the plaintiff substantial justice. In such a case, where the recovery awarded is sufficient to probably do justice to the injured party, an appellate court should not interfere. We think it is clear that the notice published in the Holt County Independent was quite materially fatted. The fact, if it be a fact, which we do not say, that defendant had purposely fatted it so that his friend, the publisher of the Independent, could make a handsome profit out of the publication, would afford no justification for estimating plaintiff's damage upon that basis. To sum up our conclusion in a single sentence, we think that substantial justice has been done, and that this controversy should be brought to an end.

The judgment of the district court is therefore

AFFIRMED.

ROSE, SEDGWICK and HAMER, JJ., not sitting.