GEORGE A. MILES, APPELLEE, V. HOLT COUNTY, APPELLANT.

FILED SEPTEMBER 26, 1914.     No. 17,842.

Newspapers: NOTICES: COMPENSATION. The evidence examined, and found to sustain the verdict and judgment.

APPEAL from the district court for Holt county: WILLIAM H. WESTOVER, JUDGE. Affirmed.

Edward H. Whelan and W. K. Hodgkin, for appellant.

Arthur F. Mullen, J. A. Donohoe and M. F. Harrington, contra.

HAMER, J.

The plaintiff brought an action to recover for the publication of two certain notices under the "Scavenger Act," an act for the collection of taxes, which provides for the sale of lots and lands in aid of such collection. In his first cause of action the plaintiff seeks to recover for the publication of the first notice required, $2,669.50, with interest thereon at the rate of 7 per cent. per annum from the 2d day of August, 1905. In his second cause of action he seeks to recover for publishing the second notice required, $1,350, with interest at 7 per cent. per annum from the 21st day of April, 1906. The district court instructed the jury concerning the second cause of action that it would

be their duty to find for the plaintiff for the sum of $1,080, with interest thereon at the rate of 7 per cent. per annum from the 21st day of April, 1906, making a total amount due the plaintiff on that second cause of action at the time of the rendition of the verdict, December 30, 1911, of $1,461.91. On the plaintiff's first cause of action the court submitted the case to the jury. The jury returned a single verdict on both causes of action for $2,473.57, and on this verdict judgment was entered for the plaintiff. The defendant appeals.

This court has been called upon four times to decide some phase of the controversy pertaining to this case: *State v. Cronin,* 75 Neb. 738; *Miles v. Holt County,* 86 Neb. 238, 27 L. R. A. n. s. 1130; *Cronin v. Cronin,* 88 Neb. 141; *Cronin v. Cronin,* 94 Neb. 353. The purpose of referring to the above opinions is to give a history of the controversy for convenience.

In *Miles v. Holt County, supra,* being the first appearance in this court of this particular phase of the case, it was held as to the first cause of action that, having accepted the services of the plaintiff without protest, and having received enough money from taxpayers to pay for the publication, the defendant county must pay the reasonable value of the services. If we deduct the amount which the jury were directed to find upon the second cause of action, viz., $1,461.91, from the verdict returned, $2,473.57, we shall have left $1,011.66, which makes the amount which the jury found for plaintiff on his first cause of action including interest. In finding this amount due on the first cause of action it is apparent that the jury allowed the plaintiff between $700 and $800 as the reasonable value of his services, upon which interest was computed to make the amount of $1,011.66. Defendant's contention is that the plaintiff only should have been allowed on this first cause of action $269.11. We think that the defendant's contention would draw the line too closely, and that the amount allowed by the jury was not excessive. As to the second cause of action, we think the trial court

did not err in its instruction to the jury touching the amount to be allowed on that claim.

Finding no prejudicial error in the record, the judgment of the district court is

AFFIRMED.

ROSE, J., not sitting.