CATHERINE HELEN COMBS, ADMINISTRATRIX, APPELLEE, V. OWENS MOTOR COMPANY ET AL., APPELLANTS.

FILED MARCH 26, 1931. No. 27656.

*Morrow & Morrow,* for appellants.

*Raymond & Fitzgerald, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and DAY, JJ.

PER CURIAM.

Action by administratrix to recover damages occasioned by injuries inflicted upon and causing death of her intestate and husband. Trial to jury. Verdict for plaintiff. From judgment thereon defendants appeal.

The accident occasioning the death of Combs occurred in the intersection of two rural highways. Just prior to the collision which caused his death he was driving a Gra-

ham-Dodge truck eastward along the south side of an east and west country road. At that time an Oldsmobile automobile, the property of the defendant Owens Motor Company and in charge of John Darrah, an employee of the motor company and then engaged in its business, coming from the north on a similar intersecting north and south highway, traveling approximately in the center thereof, collided with the truck, and as a result thereof the truck was upset and its driver killed. The point of impact was in the south half of the intersection. As to whether the driver of the Oldsmobile was then carrying out a purpose of continuing southward along the north and south highway, or was attempting to turn to the east and continue his journey on the road the truck was then traveling, the evidence of defendants' witnesses is conflicting. It may be said that it clearly appears from the evidence that in broad daylight, on a clear day, on a smooth, dry, graded highway, due to and because of the speed at which the Oldsmobile was being operated, the failure of the driver thereof to keep a proper lookout, his failure to have his vehicle under proper control, or his failure to keep it in its proper course, in view of the circumstances then existing, the collision occurred and thereby the death of the deceased was caused. At the point of impact the truck was on its proper side of the road, and at a place where approaching an intersection in a highway, "from the right," it was entitled to the right of way over the Oldsmobile then approaching the same point on an intersecting road on its left. Evidence in the record also sustains· the inference that the truck entered the intersection first, and there is no evidence which establishes any negligence as chargeable to the truck driver. The court did not therefore err in overruling the defendants' motion for an instructed verdict at the close of plaintiff's case in chief.

The defendant Owens Motor Company insists, however, that evidence as to certain admissions made by John Darrah, the driver of the Oldsmobile, a codefendant and its employee, in a conversation with certain witnesses testifying thereto, which took place at the scene of the acci-

dent, a few moments after its occurrence, is not competent against it nor proper for the consideration of the jury in determining the issues formed by its pleadings.

The statements to which this objection refers were made by the witness, John Darrah, and related to the manner in which the accident occurred, and support, if true and competent, the inference of negligence on the part of the driver of the Oldsmobile. The motor company insists that admissions or declarations of an agent or employee made after the accident or transactions, which are no part of the *res gestæ*, are not admissible to bind the principal.

Conceding, for the purpose of this opinion, the correctness of the principle upon which the motor company relies, as an abstract proposition, the question sought to be raised is not presented by the record presented for review. It appears that at the trial both defendants were represented by the same attorneys. The evidence now objected to was elicited without any objection on the part of any of the defendants. The interrogatories propounded in reference to this subject fairly disclosed its nature and the purport of the evidence sought to be introduced. The counsel for defendant motor company not only failed to object, but cross-examined at length upon the conversation now challenged. No motion was tendered to strike out this evidence until the close of the plaintiff's case. Under such a state of facts, the general rule appears to be: "If a party suffers an improper question to be put to a witness, he must object. He cannot speculate upon a favorable answer, and if the answer is not favorable, move to strike out. The objection must be made at the time. He cannot thereafter complain." 2 Hyatt, Trials, 1278. This court is committed to this doctrine. *Wood v. City of Omaha*, 87 Neb. 213; *Ryne v. Liebers Farm Equipment Co.*, 107 Neb. 454; *Western Home Ins. Co. v. Richardson*, 40 Neb. 1; *Dunn v. State*, 58 Neb. 807; *Fulton v. Ryan*, 60 Neb. 9; *Palmer v. Witcherly*, 15 Neb. 98; *Brown v. Cleveland*, 44 Neb. 239.

Nor did the trial court err in overruling the defendant motor company's motion to strike the evidence of this con-

versation from the record made at the close of the plaintiff's case. "Where a question is asked of a witness, and his answer, which is responsive to the question, is received without objection and motion is then made by counsel to strike out the evidence contained on the ground of its incompetency, it is discretionary with the court whether it will sustain the motion or not." *Gran v. Houston,* 45 Neb. 813. But the record further discloses that, in addition to permitting the evidence as to the Darrah conversation to be introduced without objection, the defendant motor company thereupon cross-examined at length upon that subject. Obviously, in the light of the present record, it is thereby foreclosed from all objections thereto, and its motion to strike came too late. *In re Estate of Holloway,* 89 Neb. 403; *Haverly v. Elliott,* 39 Neb. 201.

The fact that the admission made by codefendant Darrah was admissible against him does not in any manner excuse the failure of the Owens Motor Company to make necessary and suitable objections in its own behalf when testimony of the admission in question was offered against this defendant. The principles of proper practice would indicate the necessity of making objections by the motor company in its own behalf at the time the testimony was offered. The making of the objections in due form would afford the trial judge an opportunity to limit the scope of the tendered evidence at the time of its reception, or his failure so to do would entitle the objecting party to request a proper instruction for the guidance of the jury in weighing the evidence received in connection with the issues submitted to them for determination. *Berggren v. Hannan, O'Dell & Van Brunt,* 116 Neb. 18; *Osborne v. State,* 115 Neb. 65. Indeed, conceding these statements of Darrah as testified to by plaintiff's witnesses to be hearsay as to the Owens Motor Company, still this evidence was received without objection, and was therefore before the trial jury for its consideration.

"The courts seem to differ as to the weight to which hearsay evidence is entitled when it has been admitted without objection, * * * but, on the contrary, other au-

thorities hold that when the hearsay has been admitted without objection the jury may consider it as they would any other properly admitted testimony." 6 Encyclopedia of Evidence, 455.

"So, of the fact that it was hearsay, it suffices to observe that when evidence of that character is admitted without objection it is to be considered and given its natural probative effect as if it were in law admissible. *Damon v. Carrol,* 163 Mass. 404, 408; *Sherwood v. Sissa,* 5 Nev. 349, 355; *United States v. McCoy,* 193 U. S. 593, 598; *Schlemmer v. Buffalo, etc., Ry. Co.,* 205 U. S. 1, 9; *Neal v. Delaware,* 103 U. S. 370, 396; *Foster v. United States,* 178 Fed. 165, 176." *Diaz v. United States,* 223 U. S. 442, 450.

This court, in line with the authorities above referred to, is fairly committed to the doctrine that: "Hearsay evidence tending to prove a material fact, if admitted without objections, may sustain a finding of the existence of that fact. The probative force of such evidence is for the jury and not for the court to determine." *Metz v. Chicago, B. & Q. R. Co.,* 88 Neb. 459. See *Sheibley v. Nelson,* 84 Neb. 393.

It is quite obvious, in view of the authorities cited, that the contentions of the defendant motor company as to the admissibility and effect of evidence as to the admissions of John Darrah, in view of the record here for review, cannot be sustained.

Appellants also urge that prejudicial error was committed by the trial court in permitting the plaintiff as part of her case in chief to introduce evidence that defendant Owens Motor Company "was covered by liability insurance."

The record sustains appellants' contention as to what occurred. The trial court, though admitting the evidence in the manner objected to, instructed the jury as to this evidence as follows: "You are instructed that while evidence was admitted to show that the car in question was covered by liability insurance, you should not bring in a verdict against the defendants unless the evidence would justify a verdict against the defendants if the car had not

been covered by liability insurance. The evidence showing the car to have been covered by insurance was admitted for the sole purpose of showing the real parties in interest and for no other purpose."

The bill of exceptions also discloses that the president of the Owens Motor Company testified as a witness for defendants. In view of the record, it may be said that to him pertinent interrogatories on the subject of liability insurance carried by the company at the time of the accident, proper under the rule announced in *Jessup v. Davis*, 115 Neb. 1, would have without doubt secured identical information to that tendered by the plaintiff.

While the majority of the court are firmly of the opinion that the doctrine of the *Jessup* case should not be extended beyond the rule of practice therein announced, which as there applied and as properly understood is a rule governing cross-examination only, they in no manner approve the action of the trial court in the instant case in failing in its proper observance and application. Defendants' objection to the reception of this line of evidence as part of the plaintiff's case should have been sustained.

Still, in the instant case, the fact of existing public liability insurance is not challenged. To say that direct evidence of an existing fact is prejudicial, and the disclosure of the same fact by cross-examination, opportunity for which the records of this case disclose the course of this trial afforded, is not, would hardly be logical. So, considering the record as an entirety, giving due weight to the instructions of the court, the amount of the verdict returned, the nature and extent of the damages suffered as established by the proof, the members of the court are unanimously of the opinion that, as a fact, the appellants were not in any degree prejudiced by the technical error of procedure of which they complain.

"To warrant a reversal of a judgment it must affirmatively appear from the record that the ruling with respect to which error is alleged was prejudicial to the rights of

the party complaining." *Morfeld v. Weidner,* 99 Neb. 49; *Cronin v. Cronin,* 94 Neb. 353.

The further assignments of error made by the defendants have been given careful consideration, but we do not find them to be well taken. However, further discussion would serve no good purpose. Upon consideration of the whole case, we do not feel at liberty to disturb the judgment entered in the court below. It is, therefore,

AFFIRMED.