STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. VINCENT TODARO, PLAINTIFF IN ERROR.

Submitted October 5, 1943—Decided December 14, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and COLIE.

For the plaintiff in error, *Frank B. Bozza* and *Samuel D. Bozza.*

For the defendant in error, *William A. Wachenfeld,* Prosecutor of the Pleas, and *Jerome B. Litvak,* Assistant Prosecutor of the Pleas.

The opinion of the court was delivered by

COLIE, J.   Vincent J. Todaro was indicted and convicted of receiving stolen goods in violation of *R. S.* 2:164–1. The conviction is before this court on strict writ of error and under the more liberal provisions of *R. S.* 2:195–16.

The conviction is challenged because of the alleged unconstitutionality of *R. S.* 2:164–1. In *State* v. *Lisena,* 129 *N. J. L.* 569, this court held to the contrary and the Court of Errors and Appeals affirmed that holding. It is also urged that the court erred in denying the plaintiff in error's motion for a direction of verdict of acquittal. The motion was based upon the constitutional argument which is disposed of by what has been said above and it is urged as an additional

ground that there was no proof of possession. The testimony of the arresting officer was that the plaintiff in error at four o'clock in the morning of May 26th, 1942, was at premises on North Sixth Street in Newark on which was a garage; that backed up to the door of the garage was a truck loaded with stolen tires; that plaintiff in error jumped off the truck, fled and was captured some three hundred yards away, wounded in the hip by a bullet from the officer's revolver. The plaintiff in error explained his presence by testifying that he was there for the purpose of borrowing an automobile from a friend in order to take his wife to the doctor, she having suddenly been taken with labor pains. It was for the jury to decide which version to believe and, if it believed that of the officer, it might reasonably draw therefrom an inference of possession in the plaintiff in error. It is next urged that the court should have directed a verdict because the police officers entrapped the plaintiff in error into making certain statements which amounted to self-incrimination. The evidence complained of was admitted without objection; hence there is no judicial action to review. *State* v. *Schroeder*, 125 *N. J. L.* 87. We are also urged to reverse on the ground that the court improperly permitted the state, on cross-examination of the plaintiff in error, to question his use of various aliases. Great latitude is permissible in cross-examination, and questions tending to test the trustworthiness of a witness are generally permissible. Plaintiff in error's explanation of the reason for using his brother's name was that "I just wanted it as an honor to carry his name." An explanation of this lame character goes directly to the trustworthiness of the person so testifying. Moreover, the latitude of cross-examination rests in the sound discretion of the trial judge. Plaintiff in error does not, nor could he successfully under the circumstances here exhibited, argue that there was an abuse of judicial discretion.

We have examined the other grounds, including the denial of certain of the plaintiff in error's requests to charge, and conclude that the court's charge fully covered the subject-matter of each of the requests to charge. Finding no error, the judgment of conviction is affirmed, with costs.