THE STATE OF NEW JERSEY, DEFENDANT IN ERROR. v. VINCENT TODARO, PLAINTIFF IN ERROR.

Submitted February 11, 1944—Decided April 20, 1944.

For the plaintiff in error, *Frank B. Bozza* and *Samuel D. Bozza.*

For the state, *William A. Wachenfeld,* Prosecutor of the Pleas, *Jerome B. Litvak,* Assistant Prosecutor, and *C. William Caruso,* Special Assistant Prosecutor.

The opinion of the court was delivered by

PARKER, J.   The case was submitted on briefs in the Supreme Court, and is similarly submitted here.   The first point made for reversal is that the statute, *R. S.* 2:164–1, providing in substance that possession of stolen property within a year from the date of stealing "shall be deemed sufficient evidence *to authorize* conviction" (italics ours) unless the accused show certain facts "to the satisfaction of the jury," is unconstitutional.

This statute was first enacted as chapter 187 of the laws of 1928, *Pamph. L., p.* 356.   It enlarges the common law rule, which, as stated by Mr. Bishop *("New Criminal Procedure,"* §§ 741-2) was "that when the *corpus delicti* has been proved, if the stolen goods are shown to have been in the possession of the defendant after, or recently after, the theft, the burden of proof reverts to the defendant to explain the possession, otherwise he must be convicted."   The learned author severely criticises that rule: but what we are now dealing with is a statute, which has stood on the books for sixteen years, in full force; and was further considered and amended by the legislature in 1938 *(Pamph. L., p.* 875) after being ten years in force.

In the following year, our Supreme Court, in the case of *State* v. *Giordano,* 121 *N. J. L.* 469, upheld the constitutionality of the statute in a careful opinion citing numerous decisions, some of which are by the Supreme Court of the United States.   The case was not taken to this court.   In *State* v. *Lisena,* 131 *Id.* 39, we adopted the opinion of the Supreme Court in 129 *Id.* 569 in upholding the constitutionality of the statute.   It seems needless at this time to add what was said on the point in those two decisions.   After all, the statute in this particular feature simply laid down a rule of evidence by specifying a presumption arising from possession of stolen goods within a time limit.   It is claimed that it requires a jury to convict unless the presumption is

overcome; but this is far from the fact. The language is that possession within a year "shall be deemed sufficient evidence *to authorize* conviction" unless one or more specified defenses be established. It is now argued that there are many other methods of lawful acquisition of chattels which are not specified in the statute, and a considerable list of them is presented in the brief. But on this feature of the argument we need go no farther at this time than to say that defendant made and makes no claim to have acquired the property, consisting of automobile tires, in any other way than by purchase from a total stranger in the small hours of the morning.

The foregoing discussion directly covers the refusal to quash the indictment, the refusal to direct a verdict for the defendant when the state rested, and the refusal so to direct at the conclusion of the entire case so far as related to the constitutionality of the statute. Other grounds were advanced on the application for a directed verdict, namely, that there was no proof of possession of the stolen goods in the defendant, and that the police officers "admitted using entrapment by deceit and false premise" to obtain alleged admission from the defendant. As to possession, the proven or admitted facts were that the defendant agreed to buy certain tires from a strange man and that the delivery of the tires was actually in progress and partly accomplished when the police officers appeared on the scene. As to the alleged "entrapment" we are not aware of any legal rule requiring an officer of the law, in questioning a suspected criminal, to adhere to the truth in any statement that he may make. As to the alleged aliases claimed to have been used by the defendant, we think it was legitimate cross-examination on the score of credibility.

Another point relates to the refusal of the court to strike out the answer to the question, "It wasn't seventy-two hours later?" This was the last question asked on direct of a witness called by the state in rebuttal. No objection seems to have been made until after the question was answered and the direct examination concluded. This was too late.

Finally, error is claimed in the refusal of four requests to charge.

The first request was: "If you find from the evidence that the defendant fled from the police officer under mental apprehension of being held up, or harmed from some person, then of course, the accused would have a legal right to flee or seek refuge." This request is faulty in failing to include the element of innocence in the charge.

The second request was: "Mere presence of the accused at or near the scene of the offense is not in and of itself an element of guilt." While this was not charged in the language of the request, we think it is implicit in and fairly covered by the general tenor of the charge.

The third request was charged substantially in the language in which it was presented.

The fourth request was: "It is your duty to resolve any element of doubt in the case in favor of the accused and acquit him." This is entirely too broad as it would require an acquittal in case of doubt on an immaterial point.

The fifth point in the brief for the plaintiff in error deals with several features of the Supreme Court opinion which we deem it unnecessary to discuss; for after all, the determinative question is whether there was error at the trial.

The judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, PARKER. CASE, DONGES, PERSKIE. PORTER, DEAR. WELLS, DILL, JJ. 9.

*For reversal*—HEHER, RAFFERTY, HAGUE. THOMPSON, JJ. 4.