## THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. ANTHONY VIGORITO, DEFENDANT-APPELLANT.

Argued March 28, 1949—Decided May 2, 1949.

*Mr. Peter J. McGinnis (Mr. Edward H. Saltzman,* attorney) argued the cause for the appellant.

*Mr. Manfield G. Amlicke* argued the cause for the respondent.

The opinion of the court was delivered by

ACKERSON, J.   The defendant, Anthony Vigorito, appeals, pursuant to article XI, section IV, paragraph 8 of the Constitution of 1947, and chapter 367, section 13, of the Pamphlet Laws of 1948, from a judgment of the Appellate Division of the Superior Court affirming his conviction of the crime of receiving stolen goods—*R. S.* 2:164–1.

Two points are urged for a reversal.   The first is that the trial court erred in refusing to permit a State's witness, Robert Santillo, to answer, on cross-examination, the question: "Now, Mr. Santillo, you have not been sentenced in that case yet, have you?"   The witness had pleaded *non vult* to the charge of larceny of the same goods which the defendant, Vigorito, was charged with having received, and had testified, just prior to the above mentioned inquiry, that he had been arrested on the charge of receiving, breaking and entry; that he had given a statement to the police; and that he had been twice to the prosecutor's office with reference to the case against Vigorito and had spoken to someone there with reference thereto.   Then it was that the above question was put to the witness.   In sustaining the objection thereto the trial judge stated that the court had 90 days in which to sentence, and had concluded to withhold sentencing the witness until all of the cases (others had been indicted with him) had been completed.   Defendant's attorney took an exception saying that he was precluded "from having the witness testify to the question of sentence" and "it goes to the credibility and interest of this witness' testimony."   Whereupon the trial judge said "You are allowed to go into the question of credibility, but your question is with reference to the sentence of this witness, Santillo.   You will not know about that until the prosecutor moves the sentence of the defendants in the other cases."

No further questions were asked along this line and defendant now argues that the court thus frustrated his attempt to show that the witness' testimony was influenced by the fact that his sentence was yet to be imposed.   The difficulty with this contention is that the information sought by

the above question was supplied by the court, so that the necessary foundation was laid for a real attack upon credibility. The door was not closed to any questions counsel cared to ask the witness with respect to the effect, if any, that the deferment of sentence may have had upon his testimony, and whether he had been promised leniency with respect to his sentence if he testified favorably for the State. We cannot assume that if such questions had been asked the court would have overruled them, especially since counsel was told "You are allowed to go into the question of credibility." The court below found that under these circumstances the defendant suffered no manifest wrong or injury and in that conclusion we concur.

The final point urged for reversal is that the trial judge charged the language of the first paragraph of the present statute pertaining to the crime of receiving stolen goods, *R. S.* 2:164–1, without alluding to the remaining paragraphs, particularly subparagraph (b) thereof, which it is claimed was applicable to the situation before the court. To properly appraise the merits of this contention it is necessary to refer to the legislative history of the present enactment.

The crime of receiving stolen goods under the Crimes Act of 1898 (*P. L.* 1898, *c.* 235, § 166, *p.* 839) required proof of three things to establish guilt: that the goods were stolen; that the accused received them; and that at the time of receiving them he knew that they were stolen. *State v. Lisena,* 129 *N. J. L.* 569, 571 (*Sup. Ct.* 1943) ; affirmed, 131 *Id.* 39 (*E. & A.* 1943). In 1928 (*P. L.* 1928, *c.* 187, § 1, *p.* 356) this act was supplemented, and in 1938 (*P. L.* 1938, *c.* 348, § 1, *p.* 875, now *N. J. S. A.* 2:164–1) it was amended by eliminating the necessity of showing guilty knowledge by direct proof, and in its place providing, in new paragraphs, that if the accused is shown to have had possession of the goods within one year from the date of theft, such possession shall be deemed sufficient evidence to authorize conviction unless the receiver of the goods shows to the satisfaction of the jury either: (a) that the goods were a gift, and not from a minor under the age of sixteen years: or (b) that the

amount paid for the goods represented their fair and reasonable value, and were not received from such a minor; or ·(c) that the purchaser knew or made reasonable inquiries that the seller was a regular dealer; or (d) and (e) that the person receiving the stolen goods simultaneously with or before the receipt or sale thereof reported the transaction to the police, etc. The purpose of ,the aforesaid amendments is to dispense with affirmative proof of guilty knowledge and to substitute proof of possession by the buyer within one year of the theft, from which guilty knowledge may be inferred. In other words to create a presumption of guilty knowledge from the mere possession of stolen goods within the specified period. *State v. Lisena, supra,* at *p.* 571.

In the case *sub judice* the trial judge did not charge with respect to the presumption arising from the mere possession by the defendant of the stolen goods as permitted by the amended statute. Instead he specifically charged the jury that the State must prove beyond a reasonable doubt that the goods were stolen and that the defendant in receiving them knew that they were stolen goods, in much the same manner as he would have done under section 166 of the Crimes Act of 1898, *supra.* In so doing the court deprived the State of the benefit of the presumption provided for in the present statute (*R. S.* 2:164–1), but the defendant was correspondingly benefited thereby. As was said of a similar situation in *State v. Block,* 119 *N. J. L.* 277, 281 (*Sup. Ct.* 1938); affirmed, 121 *Id.* 73 (*E. & A.* 1938), "If there was error here it was all in favor of the defendant," and consequently he suffered no prejudice therefrom.

No harmful error appearing, the judgment below is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, WACHENFELD, BURLING and ACKERSON—6.

*For reversal*—None.