16 N.J. Super. 177 (1951)
84 A.2d 20
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANTHONY JUSIAK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 15, 1951.
Decided October 31, 1951.
*179 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Robert Burk Johnson argued the cause for the plaintiff-respondent (Mr. Mitchell H. Cohen, attorney).
Mr. Carl Kisselman argued the cause for the defendant-appellant (Mr. Barney B. Brown, attorney).
The opinion of the court was delivered by EASTWOOD, J.A.D.
The defendant seeks a reversal of his conviction for receiving stolen goods by the Camden County Court, Law Division, sitting without a jury. Adam Jusiak, brother of the defendant, and one Anthony Egnatuk, were jointly indicted with defendant and entered pleas of non vult.
Concisely, the facts are that one Jacob Kier stole 300 pounds of copper record discs, valued at $250, from his employer, the Radio Corporation of America. Kier transferred them to the truck of Adam Jusiak. Egnatuk was present at the time and also the following day when Adam sold the discs to one Bantivoglio. Later, in a restaurant  just when is not clear  without any conversation between them, the defendant gave Kier $40 in cash. The defendant did not testify nor offer any witnesses in his own behalf.
*180 Among the reasons advanced by the defendant for reversal is the court's denial of his motion in conformity with Rule 2:7-7 for judgment of acquittal at the end of the State's case. The court's denial of the defendant's motion raises a question on appeal that must be decided without regard to the evidence presented later in the trial. State v. Fox, 12 N.J. Super. 132 (App. Div. 1951).
Under the Crimes Act of 1898, to convict one of the crime of receiving stolen goods, it was incumbent upon the State to establish three things: (1) that the goods were stolen; (2) that the accused received them, and (3) that at the time he received them he knew they were stolen. The 1898 act was supplemented by L. 1928, c. 187, sec. 1, p. 356 (and amended by L. 1938, c. 348, sec. 1, p. 875, N.J.S.A. 2:164-1), by eliminating the necessity of showing guilty knowledge by direct proof and providing, in its place, that proven possession of the goods by the accused within one year from the date of theft shall be deemed sufficient evidence to authorize conviction unless the receiver of the goods establishes to the satisfaction of the jury either: (a) that the goods were a gift, and not from a minor under the age of 16 years; or (b) that the amount paid for the goods represented their fair and reasonable value, and were not received from such a minor; or (c) that the purchaser knew or made reasonable inquiries that the seller was a regular dealer; or (d) and (e) that the person receiving the stolen goods, simultaneously with or before the receipt or sale thereof, reported the transaction to the police, etc. "The purpose of the aforesaid amendments is to dispense with affirmative proof of guilty knowledge and to substitute proof of possession by the buyer within one year of the theft, from which guilty knowledge may be inferred. In other words to create a presumption of guilty knowledge from the mere possession of stolen goods within the specified period." State v. Vigorito, 2 N.J. 185, 187, 188 (1949). See also State v. Lisena, 129 N.J.L. 569 (Sup. Ct. 1943); affirmed 131 N.J.L. 39 (E. & A. 1943). To sustain the defendant's conviction, the circumstances on *181 which the State relies must be consistent with the defendant's guilt and, when considering a motion for acquittal, it must also be inconsistent with any rational theory of innocence. When the State relies upon circumstantial evidence, "the inquiry is still whether the evidence excludes every reasonable hypothesis except that of guilt. State v. Boyd, 137 N.J.L. 23 (Sup. Ct. 1948); affirmed 137 N.J.L. 615 (E. & A. 1948). If the circumstances are fairly consistent with innocence, the inference of guilt cannot legitimately be drawn and judgment of acquittal should be granted." State v. Fox, supra. The State's witnesses were Kier, Adam Jusiak and Egnatuk. Other than the $40 payment by the defendant, Kier testified that all of his transactions respecting the stolen goods were with Adam Jusiak. Adam Jusiak stated that he and he alone had acquired the goods from Kier, transported them in his truck, sold them to the purchaser, Bantivoglio, and received cash therefor. Anthony Egnatuk's testimony substantially corroborated that of Adam Jusiak. The State contends that it may be reasonably inferred that the payment was made for the stolen goods and, therefore, the inference of possession may be rationally drawn, sufficient to sustain the conviction. To convict the defendant on that single piece of evidence necessitates a great deal of speculation as to what the payment represented. It may be logically argued that an inference may be drawn that the payment was for some other transaction, or that Adam Jusiak gave the money to his brother to pass on to Kier without stating what the payment represented. Of course, knowledge in cases of this kind may be proven by direct evidence or by facts and circumstances which impute guilty knowledge. "The proof must be that the defendant had knowledge, not that he had suspicions. Suspicious circumstances, it is true, may be a part of the circumstances from which knowledge may be inferred, but the jury must be satisfied that these circumstances were of such a character, when taken in connection with the whole transaction, as to lead to the conclusion that *182 the defendant knew that the goods were stolen." State v. Goldman, 65 N.J.L. 394 (Sup. Ct. 1900), at p. 398.
In support of the foregoing contention, the State points out that the statute makes it an indictable offense to either "receive or buy" stolen goods, contending that "while the evidence of defendant's possession is circumstantial, the evidence that defendant paid for the stolen goods is direct and uncontradicted." It will be noted that the language of the statute is in the disjunctive. The indictment here does not charge the defendant with purchasing the stolen discs  he is charged with receiving. It seems obvious that the Legislature aimed at prosecuting persons who either bought or received, so that one participating in any phase of the crime might not escape from prosecution. "Ordinarily the word `or' in a statute is to be considered a disjunctive particle indicating an alternative. There has been, however, laxity in the use of the words `or' and the conjunctive `and,' so that the words are interchangeable and that one may be substituted for the other, if to do so is consistent with the legislative intent." Murphy v. Zink, 136 N.J.L. 235, 239 (Sup. Ct. 1947); affirmed 136 N.J.L. 635 (E. & A. 1948). Under the holding of the Murphy case, an indictment might be returned charging one with "buying" or "receiving" or "buying and receiving" stolen goods. Conceivably, there might be situations where a person becomes the buyer of stolen goods without coming into possession thereof, either personally or by an employee or agent. The weakness of the State's argument is that apparently it was unable and did not prove the purpose of the payment to Kier. Therefore, an inference that the defendant had received the stolen goods could not be rationally drawn therefrom.
But, the State argues, "A principal is criminally liable for the illegal acts of an agent done under his direction," citing State v. Lisena, supra, and that "whatever possession is necessary for a conviction may be proved by inference," citing State v. Todaro, 131 N.J.L. 59 (Sup. Ct. 1943); affirmed 131 N.J.L. 430 (E. & A. 1944). While the Lisena and *183 Todaro cases correctly state the applicable rule of law, they are not factually analogous here. In the Lisena case, there was proof of possession in defendant's employee, and it was held that "Lisena as principal is liable for the illegal acts of his agent done under his direction." In the Todaro case, there was evidence from which an inference of possession by the defendant was permissible in that "the proven or admitted facts were that the defendant agreed to buy certain tires from a strange man and that the delivery of the tires was actually in progress and partly accomplished when the police officers appeared on the scene." The substance of the State's argument is that both the defendant and his brother were in the junk business; that "Adam Jusiak picked up the stolen goods, and that the defendant paid for them"; that "Certainly, it may reasonably be inferred that his brother Adam picked up the stolen goods for the defendant under the direction of the defendant." There is no proof that the brothers were in business together, or that Adam acted as agent for the defendant, or that they were jointly involved in the transaction in question. In fact, there was a dearth of evidence showing possession either in the defendant or in that of any employee or agent. The State's argument on this point is not persuasive.
The judgment of conviction is reversed.