STATE OF NEBRASKA, APPELLEE, v. LEONARD MASEK, APPELLANT.

190 N. W. 2d 861

Filed October 22, 1971. No. 37924.

Douglas McArthur, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is an appeal from a conviction for operating a motor vehicle while under the influence of alcoholic liquors. Defendant asks for reversal on the ground that evidence of a blood test was improperly received. We affirm the judgment of the district court.

The State placed on the witness stand the individual who analyzed the blood sample taken from defendant. The witness was questioned and answered as follows:

"Upon the analysis or analyzing of the sample, what result did you obtain?

"The amount of alcohol in the blood was sixteen hundredths per cent."

No objection was made to the question, but after it had been answered, the defendant moved to strike the answer so that he could interpose the objection that there was not a sufficient foundation shown. The motion was overruled. The State concedes that the statutory requirements for the admission of evidence as to the result of the blood test were not fully complied with. Defendant failed to give any reason or excuse for failure to object before the question was answered.

We believe that courts should not deal arbitrarily with such situations as a lawyer's attention may at times be momentarily diverted or he may for other reasons fail to hear the question asked. No such situation appears here and it is the general rule that a party cannot reserve his objection to a question calling for incompetent testimony until the answer of the witness has been received. It is then discretionary with the court whether it will, or will not, sustain the motion. See, Dunn v. State, 58 Neb. 807, 79 N. W. 719; Combs v. Owens Motor Co., 121 Neb. 5, 235 N. W. 682; State v. Todaro, 131 N. J. Law 430, 37 A. 2d 73; State v. Bryan, 69 Ohio App. 306, 43 N. E. 2d 625; Soucie v. State, 218 Ind. 215, 31 N. E. 2d 1018; Commonwealth v. Doyle, 323 Mass. 633, 84 N. E. 2d 20; People v. Abbott, 47 Cal. 2d 362, 303 P. 2d 730. The present record does not reflect an abuse of discretion.

The judgment of the district court is affirmed.

AFFIRMED.