STATE *vs.* CHARLES M. BENNETT *et al.*

MARCH 13, 1961.

PRESENT: Condon, C. J., Roberts, Powers and Frost, JJ.

ROBERTS, J. This is an indictment wherein three defendants are charged with the crime of larceny. After a trial to a jury in the superior court, all of the defendants were found guilty, and their subsequent motions for a new trial were denied by the trial justice. The case is in this court on a bill of exceptions prosecuted jointly by all the defendants.

The material facts in this case are not in dispute. One of the witnesses, Frank Dalessio, testified without contradiction that during the forenoon of September 22, 1958 he was engaged in repairing the roof of a drugstore located in a shopping center in the town of Barrington. He stated that while so engaged he had been observing a green car parked in the area in which he could see at least two men. He later directed the attention of a member of the Barrington police department to the car and the occupants thereof. The police officer, Albert Pezzullo, testified also without contradiction that he had arrived at the shopping center on personal business shortly before one o'clock in the afternoon of that day. At that time he talked with the witness Dalessio and as a result of that conversation took the green car and its occupants under observation. Shortly thereafter he saw three men leave the parked automobile and enter a clothing store at the shopping center commonly referred to as Hanson's. At the trial the officer identified these three men as the defendants in the instant case and testified that when they entered Hanson's, defendant Petteruti was carrying a red wastebasket, defendant Bennett was carrying a briefcase, while defendant Abate was empty handed.

A few minutes later defendants Petteruti and Bennett emerged from the store, each carrying the container to which reference was made above. The officer saw them go to the back of the parked car and open the trunk, but he testified that he was unable to see whether or not they placed anything in the trunk. They remained at the back of the parked car for a minute or two, closed the trunk, and re-entered Hanson's store still carrying the basket and the briefcase. Later they again emerged from the store and walked to the driver's side of the parked car where they opened the door and stood by it for a minute or two. The officer testified that while he saw them open the car door, he was unable to observe whether or not they placed anything within the car. After a minute or two the two de-

fendants closed the door and began again to walk in the direction of the entrance to Hanson's store. They paused about halfway to Hanson's, however, and began to view the contents of the show window of another store and did not again enter Hanson's.

At this time other policemen summoned by officer Pezzullo drove into the shopping center and brought the police car to a stop immediately behind the parked car in such a manner as to prevent its being moved. Petteruti and Bennett then walked back to their car where they were taken into custody by the police.

Officer Pezzullo then entered Hanson's where he observed defendant Abate making payment for some purchases and thereafter leave the store carrying a paper bag. He followed Abate from the store and testified that he saw him walk away from the area where Petteruti and Bennett were being detained. Officer Pezzullo testified that he called to another policeman who accosted Abate and took him into custody. The defendants were then taken to the Barrington police station.

At the police station an inspection was made of the car, which it is not disputed was registered to Bennett. During this inspection three suits of men's clothes were found in the rear seat partially concealed by a blanket, while three more men's suits were found in the trunk covered with newspapers. The manager of Hanson's store testified that he thereafter was called to the police station where he identified the six suits of clothes as the property of Hanson's and further testified that these suits had not been sold to customers.

The defendants have expressly waived many of their evidentiary exceptions. They are, however, pressing exception numbered 2 which was taken to the overruling of their objection to the admission of the testimony of the manager of Hanson's store that a photograph offered in evidence by the state was a fair and accurate representation of the store.

They contend that photographs offered in evidence must be authenticated by the person who took the picture. There is no merit in this contention.

Photographs may properly be admitted into evidence without authentication by the photographer himself if the accuracy and correctness thereof can be otherwise established. The matter is one which is largely within the sound discretion of the trial justice. *Williams* v. *Altruda,* 74 R. I. 47, 54; *State* v. *Esposito,* 73 R. I. 94. In the latter case this court said at page 100: "But it is not necessary that the correctness of the photograph be proved either by an expert witness or by the person who actually took and developed the film. * * * A person who knows the subject of the photograph can testify as to whether it is a true likeness." That the witness here was fully familiar with the premises occupied by Hanson's is clear from the record, and his testimony authenticating the photograph in question was properly admitted.

The defendants' exceptions numbered 8 and 9 were taken to the action of the trial justice permitting the manager of Hanson's to testify that certain "gaps" appearing in the suit racks located in the store as shown in photographs offered in evidence represented the places in such racks where the suits found in defendants' car had been hanging prior to noon on September 22, 1958. It is our opinion that if it was error to admit this testimony, these defendants were not prejudiced thereby. The testimony was offered and admitted solely for the purpose of establishing that the suits which the police found in defendants' car were the property of Hanson's. Testimony strongly probative of such fact had been admitted into evidence, and in that circumstance we are constrained to hold that any error inhering in the admission of this testimony was harmless. *State* v. *Esposito, supra,* at page 100; *State* v. *Smith,* 70 R. I. 500, 513.

The defendants' exception numbered 14 was taken to a ruling of the trial justice whereby he permitted a police officer to testify as to statements that had been made to him by one of the defendants during the interrogation of that defendant at the police station. Exception numbered 15 was taken to the action of the trial justice in denying defendants' motion that similar testimony be stricken from the record. The defendants do not dispute that these statements, to the extent that they constitute admissions of the defendant concerning his own participation in the alleged robbery, were properly admitted, but they contend that to the extent that they attribute statements or actions to others of the defendants and were made in their absence, they are violative of the rule against hearsay evidence.

Assuming that the admission of this evidence was in part error, we are unable to agree with defendants that they were thereby prejudiced. We have examined the charge that the trial justice gave to the jury and find therein a strong and explicit cautionary instruction concerning this evidence. He instructed them as to the extent that these statements could be considered and the weight that should be attached thereto by the jury, and we are unable to perceive that the jury was not fully enlightened as to the inhibitions of the hearsay rule by the instruction. If the admission of this evidence constituted error, whatever prejudice may have followed therefrom was, in our opinion, effectively and completely cured by the instruction of the trial justice to the jury.

We have examined defendants' exceptions numbered 3, 17, and 20 and find them to be entirely without merit, and we conclude therefore that all of defendants' evidentiary exceptions must be overruled.

There remain defendants' exceptions numbered 18, 19, and 21, all of which were taken to the action of the trial justice in denying their motions for dismissal of the indictment and for the direction of a verdict in their favor. They

argue that there is no evidence in this case which proves that any of the defendants took the suits in question from Hanson's other than the fact that they were found in Bennett's car. They contend that while evidence of such possession of stolen goods gives rise to a presumption of guilt, such evidence standing alone is insufficient to support a conviction and that it was therefore error to submit the case to the jury in the absence of evidence other than possession of the suits by defendants.

We cannot agree that there is no evidence in the instant record probative of the essential elements of larceny other than the fact that the stolen suits were found in Bennett's car. To the contrary, there is direct testimony that all of the defendants were seen together in Bennett's car at the shopping center; that two of them were there observed sitting in the car for a considerable period of time; that all three defendants entered Hanson's store together; and that defendants Petteruti and Bennett emerged from the store carrying a basket and a briefcase on two occasions and on one such occasion opened the trunk of the car and on the other opened the door. In such state of the evidence it is not necessary that we pass upon the question whether evidence that defendants were in possession of the stolen suits standing alone would be sufficient to warrant the submission of the case to a jury.

We are unaware that this court has definitively stated the effect that is to be given to evidence that a defendant was in possession of stolen property. We have, however, indicated that such possession was evidence from which a trier of the fact could infer guilt. In *State* v. *Kozukonis*, 71 R. I. 456, this court said at page 464: "The law seems to be settled to this extent at least that possession of stolen property recently after the theft is, in the absence of a satisfactory explanation, evidence from which the jury may infer that the possessor is the thief." If this be dicta, it is nevertheless significant, for it implies that this court recog-

nizes the proposition that the unexplained possession of stolen property is evidence from which guilt may be inferred that is sufficient to sustain a conviction. *State* v. *Saba,* 139 Me. 153; *State* v. *Donnelly,* 124 Conn. 661; *Commonwealth* v. *Lindie,* 147 Pa. Super. 335.

In the instant case there is entirely credible evidence that all three of the defendants were at the place where the offense was committed and at the time thereof. Coupled with this evidence is evidence that the stolen suits were in the car registered to Bennett which had been driven to and parked at the shopping center by Bennett accompanied by Petteruti. It is our opinion that taken as a whole the evidence here has such probative force as to justify a jury acting reasonably, in the absence of some satisfactory explanation of the possession by defendants, to find beyond a reasonable doubt that they were guilty of the theft. In this state of the evidence the motions of defendants for the direction of a verdict and to dismiss were properly denied.

The defendant Abate argues that it was error to deny the motion to dismiss as to him because there was not sufficient evidence in the record of his participation in the offense to warrant a submission of his case to the jury. If there were in the record here no evidence probative of possession by Abate of the stolen suits, such contention would have merit. In such a state of the evidence the rule that a jury may infer guilt from possession of stolen property could not properly be applied in the case of Abate. Possession within the contemplation of this rule is possession that is personal and conscious. The mere showing that a defendant was in constructive possession of stolen goods will not warrant an application of this rule. *State* v. *Boudreau,* 111 Vt. 351. However, the requisite personal and conscious possession of the stolen property may be established by a showing that there was a joint possession by two or more defendants who in the commission of the crime had acted in concert. *Commonwealth* v. *Torrealba,* 316 Mass. 24.

It is our opinion that in the instant case there was sufficient evidence concerning Abate's association with the other defendants to raise a jury question as to whether he acted with them in the commission of the crime. There was evidence that he had arrived at the shopping center and had entered the store with the other defendants and that he had been engaging the attention of the clerk therein while the other defendants were in the store. It is clear that on the question of his participation in the crime, this was sufficient evidence to raise the jury question, and therefore it was not error on the part of the trial court to deny his motion for dismissal.

All of the defendants' exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*J. Joseph Nugent,* Attorney General, *F. Thomas O'Halloran,* Assistant Attorney General, for State.

*Ralph Rotondo, Michael Addeo,* for defendants Charles M. Bennett and Fortunate F. Abate.

*Anthony Grilli,* for defendant Pasquale Petteruti.