STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
ANTHONY GIORDANO, PLAINTIFF IN ERROR.

Submitted October 4, 1938—Decided January 3, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and
HEHER.

For the plaintiff in error, *William J. Egan* and *Robert L. Hood.*

For the defendant in error, *William A. Wachenfeld* and *C. William Caruso.*

BODINE, J. The plaintiff in error was convicted in the Essex Quarter Sessions of the crime of unlawfully receiving stolen property in violation of *R. S.* 2:164-1. The statute provides that possession within a year from the date of theft shall be deemed sufficient evidence to authorize conviction. Assuming that the legislature merely meant to clarify the common law doctrine that unexplained possession of goods recently stolen raised a presumption that they had been illegally received and imposed a duty upon the possessor to explain his possession, we are then brought to a consideration of the charge of the trial judge with respect to this matter. He said the accused "would have a defense, if you [the jury] were satisfied as a matter of defense, and you [the jury] would not have to be satisfied beyond a reasonable doubt, but by a preponderance of the evidence, that he came into possession of these goods under the circumstances, indicated by the statute in any of its four subtitles or divisions; that is, &c."

The accused clothed with the presumption of innocence must be convicted by proof beyond a reasonable doubt. The legislature may, of course, declare that certain facts create a presumption, if the presumption be reasonable, and requires an explanation; but if the explanation given, whether established by a preponderance of the evidence or not, created a situation so that the jury cannot say that the state has established guilt beyond a reasonable doubt the accused would be entitled to an acquittal. *Sherlock* v. *State,* 60 *N. J. L.* 31; *State* v. *Parks,* 96 *Id.* 360; *State* v. *Headley,* 113 *Id.* 335; *State* v. *Kaplan,* 115 *Id.* 374; *State* v. *Vliet,* 120 *Id.* 23. The foregoing principle of law was not embodied in the court's charge. The charge was erroneous and misleading in that the explanation offered might create in the minds of the jurors a reasonable doubt of the guilt of the accused, even

though the explanation was not established by the preponderance of evidence.

The statute under review, if regarded as doing no more than indicating the manner in which a presumption of guilt from proof of possession of stolen property within one year from the date of theft, may be rebutted, deprives the citizen of no constitutional guaranties but merely enacts a rule of evidence well within the general power of government. *Mobile, &c., Railroad* v. *Turnipseed*. 219 *U. S.* 35. On the other hand, if the statute requires the defendant to establish a defense when certain facts are proved. then it is an improper exercise of legislative power. We do not think it does the latter. The burden of proof can never shift from the state, but the burden of going forward by reason of the legislative presumption may fall upon the defendant. If the jury at the close of the case have a reasonable doubt as to the guilt of the accused, they must be instructed to acquit. *State* v. *Lax and Stern*, 71 *N. J. L.* 386.

We have, notwithstanding, that the validity of the statute in question was not challenged in the court below on constitutional grounds, considered the argument made and conclude that the statute was a valid exercise of legislative power.

"According to some decisions, the unexplained possession of goods recently stolen raises the presumption that they had been illegally received and imposes on accused the burden of explaining such possession, and the presumption of guilt so raised is sufficient to sustain a conviction. This presumption, it is said, applies as well to a person charged with unlawfully receiving as to one charged with its original taking. * * * The term 'recent' as used in this connection, it is said, is a relative term and whether the possession is recent within the rule stated depends largely on the circumstances of the particular case." 53 *Corp. Jur.* 528.

"Where an accused person is charged with receiving property recently stolen, after the prosecution have proved possession by the accused and that the property has been recently stolen, the jury should be told that they may, not that they must, find the accused guilty, in the absence of any reasonable

explanation." *Rex* v. *Schama & Abramovitch,* 24 *Cox's Criminal Law Cases* 593.

"Recent possession of stolen property is evidence, either that the person in possession stole the property, or that he received it knowing it to be stolen, according to the other circumstances of the case. Where the prisoner was found in the recent possession of some stolen sheep, of which he could give no satisfactory account, and it might reasonably be inferred from the circumstances that he did not steal them himself, it was held that there was evidence for the jury that he received them knowing them to have been stolen." *Regina* v. *Langmead,* 169 *English Reprint Reports* 1459.

"Possession of the fruits of crime, recently after its commission justifies the inference that the possession is guilty possession, and, though only *prima facie* evidence of guilt, may be of controlling weight unless explained by the circumstances or accounted for in some way consistent with innocence. 1 *Greenl. Ev.* (15th ed.) § 34. In *Rickman's Case,* 2 *East P. C.* 1035, cited, it was held that on an indictment for arson, proof that property was in the house at the time it was burned, and was soon afterwards found in the possession of the prisoner raises a probable presumption that he was present and concerned in the offense; and in *Rex* v. *Diggles* (*Wills Cir. Ev.* 52), that there is a like presumption in the case of murder accompanied by robbery. Proof that defendant had in his possession, soon after, articles apparently taken from the deceased at the time of his death is always admissible, and the fact, with its legitimate inference, is to be considered by the jury along with the other facts in the case in arriving at their verdict. *Williams* v. *Commonwealth,* 29 *Penn. St.* 102; *Commonwealth* v. *McGorty,* 114 *Mass.* 299; *Sahlinger* v. *People,* 102 *Ill.* 241; *State* v. *Raymond,* 46 *Conn.* 345; *Whart. Cr. Ev.* § 762." *Wilson* v. *United States,* 162 *U. S.* 620.

"Every accused person, of course, enters upon his trial clothed with the presumption of innocence. But that presumption may be overcome, not only by direct proof, but, in many cases when the facts standing alone are not enough, by

the additional weight of a countervailing presumption. If the effect of the legislative act is to give to the facts from which the presumption is drawn an artificial value to some extent, it is no more than happens in respect of a great variety of presumptions not resting upon statute. * * * The point that the practical effect of the statute creating the presumption is to compel the accused person to be a.witness against himself may be put aside with slight discussion. The statute compels nothing. It does no more than to make possession of the prohibited article *prima facie* evidence of guilt. It leaves the accused entirely free to testify or not as he chooses. If the accused happens to be the only repository of the facts necessary to negative the presumption arising from his possession, that is a misfortune which the statute under review does not create but which is inherent in the case." *Yee Hem* v. *United States,* 268 *U. S.* 178.

In the case of *Casey* v. *United States,* 276 *U. S.* 413, it appeared that Casey, a practicing lawyer, frequenting the Kings county jail, was convicted of the purchase of morphine not from or in the original stamped package. The court said: "The amended section of the statute makes the purchase, sale, &c., of opium and derivatives unlawful except in or from the original stamped package, and the absence of the required stamps from any of the said drugs 'shall be *prima facie* evidence of a violation of this section by the person in whose possession same may be found.' * * * With regard to the presumption of the purchase of a thing manifestly not produced by the possessor, there is a 'rational connection between the fact proved and the ultimate fact presumed.' *Luria* v. *United States,* 231 *U. S.* 9, 25; *Yee Hem* v. *United States,* 268 *Id.* 178, 183. Furthermore there are presumptions that are not evidence in a proper sense but simply regulations of the burden of proof. *Greer* v. *United States,* 245 *Id.* 559. The statute here talks of *prima facie* evidence but it means only that the burden shall be upon the party found in possession to explain and justify it when accused of the crime that the statute creates. 4 *Wigmore, Evidence,* § 2494. It is consistent with all the constitutional protections of

accused men to throw on them the burden of proving facts peculiarly within their knowledge and hidden from discovery by the government. 4 *Wigmore, Evidence,* § 2486. In dealing with a poison not commonly used except upon a doctor's prescription easily proved, or for a debauch only possible by a breach of law, it seems reasonable to call on a person possessing it in a form that warrants suspicion to show that he obtained it in a mode permitted by the law. The petitioner cannot complain of the statute except as it affects him."

In *Rosen* v. *United States,* 271 *Fed. Rep.* 651, 655, the court said: "The possession of stolen property, standing alone, does not establish guilt. But the possession of property recently stolen raises a preumption of guilt which in the absence of explanation may authorize a jury to infer a criminal connection with its acquisition. *Wilson* v. *United States,* 162 *U. S.* 613, 620; 16 *Sup. Ct.* 895; 40 *L. Ed.* 1090; *People* v. *Weldon,* 11 *N. Y.* 569, 576; 10 *N. E. Rep.* 279. And in the instant case the possession of the copper by the defendants required them to make an explanation of their possession. And it was for the jury to say whether their explanation was satisfactory."

"Aside from that, however, the Supreme Court of the United States and this court have recognized as sound the general proposition that possession of goods recently stolen raises the presumption of guilty knowledge. *Wilson* v. *United States,* 162 *U. S.* 613; 16 *Sup. Ct.* 895; 40 *L. Ed.* 1090; *Barton* v. *United States (C. C. A.),* 267 *Fed. Rep.* 174." *Sellers* v. *United States,* 299 *Fed. Rep.* 258, 260.

We can only conclude, however, that the charge of the court was prejudicial, in that the jury was led to believe that upon the establishment of certain facts the duty was placed upon the defendant to establish his innocence. This could never be so. Notwithstanding the presumption of evidence, the burden of proof to establish guilt beyond a reasonable doubt was still upon the state.

The judgment is reversed.