THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
MICHAEL A. LISENA, PLAINTIFF IN ERROR.

Submitted October 6, 1942—Decided February 25, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and
PORTER.

For the plaintiff in error, *Frank B. Bozza* and *Samuel D. Bozza.*

For the defendant in error, *William A. Wachenfeld,* Prosecutor of the Pleas, and *C. William Caruso,* Assistant Prosecutor.

The opinion of the court was delivered by

PORTER, J. The writ of error brings up for review the conviction of plaintiff in error (hereinafter called Lisena) under an indictment charging him with receiving stolen goods. The indictment charges that at Newark on May 29th, 1940, he "unlawfully did receive and have one lot drugs, in all of the value of two hundred dollars, of the goods and chattels of the New Jersey Wholesale Drug Company, a corporation, the said goods and chattels having theretofore been stolen, taken and carried away from the said New Jersey Wholesale Drug Company * * *."

It appears that Lisena was a druggist and had conducted a retail drug store in Newark for many years and that he purchased goods from the New Jersey Wholesale Drug Company, wholesale druggists in Newark. That firm had in its employ one Pennington as a stock clerk whose duty it was to fill orders received from retail druggists. Pennington testified that from March, 1939, until May 29th, 1940, at the suggestion of Lisena he had secretly filled orders for goods received from him from the stock of his employer and had been paid by Lisena for said stolen goods sums considerably below the wholesale price which sums he kept for himself. On May 29th, 1940, at about 7:30 in the morning, Pennington delivered goods which Lisena had ordered from him to his son who came for the goods, Pennington having arranged by telephone for the delivery to Lisena. The general manager and the treasurer of the drug company were watching their premises on the morning in question and saw Pennington deliver a carton to the driver of an automobile in front of the place of business. The police were notified and the officers went to the home of Lisena between 8 and 9 o'clock of the same morning and found Lisena at home and in bed. This automobile was in front of his home and the carton was found in it. It contained the stolen goods which Pennington had put in it, as he testified. Lisena made a written statement to the police on that date which was in evidence, in which he admitted having received the goods on that day, as was testified to by Pennington, and also admitted the course of conduct which had been described by Pennington. Lisena did not deny the

truth of that statement nor indeed did he take the stand at all in his defense.

Appellant argues his assignments of error under four points which will be considered in the order presented.

First, it is argued that the statute denouncing the receiving of stolen goods, *N. J. S. A.* 2:164-1, is unconstitutional because: (a) it deprives the defendant of the right to interpose any defense other than gift or purchase; (b) it is arbitrary and unreasonable and it deprives the defendant of due process; (c) it creates a presumption of guilt and thereby shifts the burden upon the defendant to prove his innocence; (d) it takes from the court its prerogative to pass upon the legality of evidence wherein it provides that possession of stolen property is *prima facie* evidence of guilty knowledge; and (e) it invades the function of the jury to determine the fact of possession.

The crime of receiving stolen goods under the Crimes Act of 1898 required proof to establish guilt of three things; that the goods were stolen, that the accused received them and that at the time he received them he knew that they were stolen. *State* v. *Werner,* 1 *N. J. Mis. R.* 180. The present statute eliminates the necessity of showing guilty knowledge by direct proof and in its place provides that if the accused is shown to have received the goods within a year from the date of stealing such possession shall be deemed sufficient evidence to convict unless the accused shows to the satisfaction of the jury that the goods were a gift and not received from a minor under the age of 16, that he paid the fair value for the goods, or that he believed that the seller was a regular and established dealer in goods or that before or when he received the goods he reported same to the police authorities. We do not think that this statute eliminates the necessity of proof of guilty knowledge. Its purpose is to dispense with affirmative proof of such knowledge and to substitute proof of recent possession from which guilty knowledge may be inferred and this is of course a fact issue for the jury. Lisena was not deprived of the right to explain his possession. He chose not to explain. He did not take the witness stand. In *State* v. *Giordano,* 121 *N. J. L.* 469 (at *p.* 471), this court said:

"The statute under review, if regarded as doing nothing more than indicating the manner in which a presumption of guilt from proof of possession of stolen property within one year from the date of theft, may be rebutted, deprives the citizen of no constitutional guarantee but merely enacts a rule of evidence well within the general power of government."

The statute does not shift the burden of proof nor deprive the accused of due process nor is it arbitrary and unreasonable. *State* v. *Giordano, supra; Casey* v. *United States,* 276 *U. S.* 413; *Luria* v. *United States,* 231 *Id.* 9. In the Casey case Mr. Justice Holmes speaking for the Supreme Court said:

"The statute here talks of *prima facie* evidence but it means only that the burden shall be upon the party found in possession to explain and justify it when accused of the crime that the statute creates. 4 *Wigmore, Evidence,* § 2494. It is consistent with all the constitutional protections of accused men to throw on them the burden of proving facts peculiarly within their knowledge and hidden from discovery by the government. 4 *Wigmore, Evidence,* § 2486."

The second point argued is that the court erred in not granting motions for the direction of an acquittal on the ground that there was no proof of actual possession by Lisena. The proofs were that the arrangement between Pennington and Lisena was that the stolen goods be delivered to an agent of Lisena which arrangement had been carried out. Lisena sent his agent in his automobile to the place of business of the wholesale druggist to whom the goods were delivered by Pennington on the morning stated. Lisena's automobile was a short time later, an hour or so, found by the police officers in front of the home of Lisena and the stolen goods were in it in the carton as per arrangement. Lisena in his written statement to the police, which was in evidence, said, "I told my clerk to pick the order up and bring it to my home in the morning," and further "the order was in my car in front of my home." The proofs were clear that Lisena's clerk had possession of the goods. Lisena as principal is liable for the illegal acts of his agent done under his direction. *State* v. *Pennsylvania Railroad Co.,* 84 *N. J. L.* 550 (at *p.* 554);

*State* v. *Pinto,* 129 *Id.* 255 (at *p.* 257); *Wharton's Criminal Law* (12 *ed.*) 374; 22 *C. J.,* § 149. There was no error in refusing to direct an acquittal.

The third point is that the assistant prosecutor made prejudicial remarks in his summation to the jury concerning the failure of Lisena to take the stand as a witness. What the prosecutor said was:

"The defendant alone must decide whether or not he wants to keep you gentlemen in the dark or be honest and tell you what participation there was in this case in so far as he was concerned. He cannot be compelled to take the stand. The court cannot compel him to take the stand and no one else can compel him to take the stand. He alone must decide. He alone has a right to say, 'I refuse to take the stand because I don't want to subject myself to a cross-examination by the prosecutor.' Why? Why doesn't he take the stand? He doesn't dare, gentlemen. Let me say this to you, and this is the law of the State of New Jersey, and I told counsel that I would go further than the statement he expressed to you."

The leading case in this state with respect to this question is *Parker* v. *State,* 61 *N. J. L.* 308; *affirmed,* 62 *Id.* 801. This court said in that case (at *p.* 313):

"But when the accused is upon trial, and the evidence tends to establish facts which if true would be conclusive of his guilt of the charge against him, and he can disprove them by his own oath as a witness, if the facts be not true, then his silence would justify a strong inference that he could not deny the charges.

"Such an inference is natural and irresistible. It will be drawn by honest jurymen, and no instructions will prevent it. Must a court refrain from noticing that which is so plain and forcible an indication of guilt? In my judgment there is no rule of law requiring it. The rights of the accused are not invaded or denied by proper comment on his silence."

That rule has been approved in many cases among which are *State* v. *Twining,* 73 *N. J. L.* 683 (at *p.* 691); *State* v. *Callahan,* 77 *Id.* 685; *State* v. *Banusik,* 84 *Id.* 640; *State* v. *Kisik,* 99 *Id.* 385; *State* v. *Lennon,* 107 *Id.* 94. Also, see, 94 *A. L. R.* 706. We think that the remarks of the

prosecutor were justified and were not improper nor prejudicial under the rule of the Parker case, *supra*.

Next, the fourth point, it is argued that the court erred in its charge. The court referred to the fact that the indictment charged articles of the value of $200 but that the proof was that the value was $30 to $35 and stated that that difference was not material. The defendant argues that a statutory defense is the payment of the fair and reasonable value and that the effect of the charge in this respect was to limit or deny him the opportunity of putting in such defense. True the indictment did allege the value to be $200 but the proof was that the value was $30 to $35. So the defendant could have shown that he had paid that amount. He failed to do so or that he had paid anything at all. It is not necessary to prove the value stated in the indictment, proof of a lesser value is sufficient, unless the exact amount is material, which was not the case here. We think there was no error in this respect. The court charged that the jury was to find "whether or not this defendant received stolen goods knowing them to be stolen goods, or whether he received them under such circumstances that a reasonable man, after making diligent inquiries, would have known that they were stolen goods." It is argued that the effect of this charge is to make the defendant share with the state the burden of proof of guilt and neutralized the presumption of innocence. We think there is no merit in this. This language is not susceptible of meaning that the defendant carried or shared the burden of proof nor that it neutralized the presumption of innocence. Nor was there error in what the court said about the circumstance of this transaction occurring at 7 o'clock in the morning before business hours and the place of delivery. That was merely a recital of the proofs which the jury could consider in finding facts. Comment on evidence is proper. *State* v. *Overton*, 85 *N. J. L.* 287; *State* v. *Hauptmann*, 115 *Id.* 412-429.

We have carefully examined certain requests to charge, the failure to do so being argued as error, and conclude that there was no error in refusing to charge as requested. The charge was full and fair and without prejudice. The last point

argued is that the verdict was against the weight of evidence. We are entirely satisfied that it was not.

The judgment will be affirmed, with costs.