STATE *vs.* ANTHONY MARDEROSIAN.

FEBRUARY 28, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

ROBERTS, J. This is a criminal complaint charging that the defendant did "aid and assist in the recording of a bet on a horse race in violation of the provisions of Section 35 of Chapter 612 of the General Laws of 1938 of the State of Rhode Island." After a trial in the superior court before a justice thereof sitting with a jury the defendant was found guilty. The case is here on the exceptions taken by the defendant to certain evidentiary rulings of the trial justice, to a denial of his motion for a directed verdict of not guilty, and to the denial of his motion for a new trial.

It appears from the evidence that on the afternoon of October 2, 1956 two members of the Providence Police Department, namely, Lieutenant Thomas B. Healey and Captain Peter H. Osterman, visited a cafe known as the Silver Slipper located on Cranston street in the city of Providence. Lieutenant Healey testified that upon entering the cafe he observed defendant in a telephone booth located therein holding the receiver of the instrument in his left hand and talking into the mouthpiece of the instrument. He also observed in defendant's possession a so-called Armstrong scratch sheet, a publication containing news relative to horse racing. Lieutenant Healey further testified that he heard defendant say: "Number 3 in the third at Suffolk, 5-0-0; number 2 in the fourth at Belmont, 2-0-0." When defendant emerged from the telephone booth Lieutenant Healey and Captain Osterman took him into custody, telling him that they had heard him making a bet on a horse race. In his testimony concerning defendant's response to this charge, Lieutenant Healey stated: "He said that he

picked horses, picked them for fun, but he didn't bet." At the police station, where the officers took defendant, they interrogated him concerning his activities and in particular with respect to the meaning of certain numerals which appeared in ink on the scratch sheet. Lieutenant Healey testified that defendant admitted he had written the numbers on the sheet and that they represented defendant's selections in a race at Suffolk Downs, some selections for the daily double at Suffolk Downs, and his selections for a race to be run at Belmont Park. Captain Osterman corroborated the testimony of Lieutenant Healey.

The defendant testified in his own behalf. He admitted that he was in the booth attempting to make a telephone call to his mother when the police officers entered the premises. He testified that he saw them come in. However, he denied that he made any calls for the purpose of placing bets on races either at Suffolk Downs or Belmont Park. He admitted that he was in possession of the scratch sheet and that it was he who had marked it with the numbers noted by the police. He stated that they represented the winners in certain races which he had taken note of because of his interest in racing but denied emphatically that he had placed any bets.

Two of the exceptions pressed by defendant relate to evidentiary rulings of the trial justice. One of these was taken to a ruling which permitted a witness to testify as to the contents of records of telephone calls kept by the telephone company. The other was taken when the trial justice overruled defendant's objection to a question which in substance asked defendant whether he listened to a particular radio station every day at the same time. We have examined these items in their context in the transcript and we are convinced that even if the trial justice erred in his rulings, which we need not decide, the error was not prejudicial and therefore such exceptions are overruled.

The defendant took exception also to the denial by the

trial justice of his motion that the jury be directed to return a verdict of not guilty. We are of the opinion that the trial justice acted properly in denying this motion and submitting the evidence to the jury. We see no merit in defendant's contention that the state had failed to establish that a bet on a horse race was in fact made and therefore it could not be found that defendant had aided and assisted therein. There was the testimony of the police officers that they heard defendant communicating information concerning a horse race by telephone, which device is known to be one which is employed to transmit messages and transact business. There was also in evidence the scratch sheet, so called, an article which, when considered in the light of the conduct of defendant and the surrounding circumstances, became self-explanatory. See *State* v. *Reitsma*, 68 R. I. 310, 314. Upon consideration of this evidence and the reasonable inferences to be drawn therefrom in favor of the state, we are of the opinion that whether defendant did aid and assist in the recording of a bet in a horse race was clearly a question for the jury.

Neither can we sustain the defendant's exception to the denial of his motion for a new trial. In his decision on the motion the trial justice discussed the evidence at length and stated that on such evidence the jury reasonably could find that the defendant was guilty beyond a reasonable doubt of violation of the law charged. In our opinion the trial justice did not misconceive or overlook any material evidence in the case. On the contrary it appears to us that he exercised his independent judgment on the evidence and reached therefrom the same conclusion as the jury. In such circumstances we cannot say that his decision was clearly wrong.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*William E. Powers,* Attorney General, *John F. O'Connell,* Chief Special Counsel, for State.

*Ralph Rotondo,* for defendant.