STATE *vs.* OSCAR F. HERBERT.

JULY 2, 1959.

PRESENT:   Condon, C. J., Roberts, Paolino and Frost, JJ.

ROBERTS, J.   This is a criminal complaint which charges the defendant with the operation of a motor vehicle on a

public highway in the city of Warwick while under the influence of intoxicating liquor. On an appeal from a conviction thereunder in the district court, the defendant was found guilty by a jury in the superior court. The case is here on his single exception to the denial of his motion for a new trial.

It appears from evidence adduced by the state and not substantially contradicted that on April 10, 1957 at about 1:45 a.m. a Warwick police officer observed defendant operating his car on Post Road in an erratic manner. The officer pursued defendant for some distance until he could signal him to bring his car to a stop, which defendant did. A police sergeant arrived on the scene, and the two officers noticing that defendant was unsteady took him to the police station. He was then and there first informed of his rights with respect to calling a doctor of his own choice, was examined by a doctor who was summoned by the police, and was pronounced unfit to operate.

According to the transcript, the examining physician testified that he requested defendant to undergo certain tests, and in the course thereof he noticed that defendant's gait was unsteady, that he was unable to keep his balance while attempting to walk a straight line, and that he was unable to touch his index finger to the tip of his nose with his eyes closed. The doctor further testified that defendant's speech seemed thick, that he had an odor of alcohol on his breath, and that his eyes were bloodshot. He also testified that as a result of these tests it was his opinion that defendant was under the influence of intoxicating liquor and was unfit to operate a motor vehicle on a public highway.

The defendant himself testified that about midnight he had been in a cafe or bar in Providence for a "Half hour or a little better * * *." He conceded that while in the bar he had consumed three regular-sized glasses of beer.

We have held that in criminal cases as well as civil cases on a motion for a new trial it is the duty of the trial justice

to pass his independent judgment on the evidence. In such instances where the record indicates that he did this his decision on the motion will not be disturbed unless it is clearly wrong. *State* v. *Marderosian,* 87 R. I. 165, 139 A.2d 79; *State* v. *Kennedy,* 84 R. I. 107, 114. From our examination of the record in the instant case we are of the opinion that he has referred to the material evidence adduced on both sides, that he considered this evidence in an exercise of his independent judgment, and that he concluded therefrom that the jury reasonably could find that defendant was guilty beyond a reasonable doubt of the violation of law with which he was charged. We do not perceive that in so doing he either overlooked or misconceived any material evidence. In these circumstances we cannot say that his decision denying defendant's motion for a new trial was clearly wrong.

The defendant in his brief and oral argument sought consideration of his contention that the trial justice erred in instructing the jury concerning the requirement that they find the defendant guilty, if at all, beyond a reasonable doubt. The defendant concedes that he took no exception to that portion of the charge and that he did not ask for any specific instruction thereon. He argues that the question should be considered under his exception to the denial of his motion for a new trial. There is no merit in such contention. We will not pass upon the question of error in an instruction in the absence of an appropriate exception thereto in the record. *Hirschmann* v. *Sun-Dial Optical Co.,* 89 R. I. 31, 150 A.2d 293; *Thomas* v. *Newport Oil Corp.,* 85 R. I. 455, 133 A.2d 631.

We have considered the defendant's contention that in order for the state to sustain the burden of proof in cases of this nature it is necessary that the prosecution adduce, as part of its case, direct evidence that the accused did in fact consume alcoholic liquor. We are of the opinion that this contention is without merit.

The defendant's exception is overruled, and the case is remitted to the superior court for further proceedings.

*J. Joseph Nugent,* Atty. Gen., *F. Thomas O'Halloran,* Special Counsel, for the State.

*James P. Quirk,* for defendant.