JOHN FREDERICK COX, Appellant, *v.* THE STATE
OF NEVADA, Respondent.

No. 4805

February 1, 1965        398 P.2d 538

*Dorsey & Harrington,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *Edward G. Marshall,* District Attorney, and *Paul C. Parraguirre,* Deputy District Attorney, Clark County, for Respondent.

**OPINION**

By the Court, McNamee, C. J.:

A complaint was filed in the Justice's Court of Las Vegas Township charging defendant with the crime of receiving stolen property. Defendant was held to answer

by the justice of the peace and bound over to the district court where an information was filed charging him with a violation of NRS 205.280, to wit, receiving stolen property. Defendant appeared in court with Robert Santa Cruz, his attorney, and entered a plea of guilty to the charge contained in the information. He was sentenced to not less than one year and not more than one year in the county jail.

After his commitment defendant filed a petition in the lower court for a writ of habeas corpus. Appeal is taken from the order denying the writ.

NRS 205.280 provides as follows:

*"Receiving stolen goods: When a gross misdemeanor.*

"1.   Every person who receives or buys property that has been wrongfully taken from any other person in any manner, whether or not the act of wrongful taking occurred outside the State of Nevada, and whether or not the property was bought or received from a person other than the person wrongfully taking such property, shall be guilty of a gross misdemeanor.

"2.   If such person is shown to have had possession of such property within 6 months from the date of the wrongful taking, such possession shall constitute sufficient evidence to authorize conviction, unless:

"(a) The property was a gift; or

"(b) The amount paid for the property represented its fair and reasonable value;

"(c) The person buying such property knew or made inquiries sufficient to satisfy a reasonable man that the seller was in a regular and established business dealing in property of the description of the property purchased; or

"(d) The person receiving or buying such property has simultaneously with the receipt or sale reported the transaction to the appropriate local police authorities."

This statute permits the trier of the fact to infer guilt by reason of the defendant's possession of stolen property within six months of the date of the wrongful taking.

Under the preceding statute, NRS 205.275, one who receives stolen goods is guilty of a felony where he

knows that the goods had been stolen and where the value of the goods amounts to $100.

Appellant contends that NRS 205.280 is unconstitutional in that it does not provide for criminal knowledge, intent, or negligence.

In State v. Lisena, 129 N.J.L. 569, 30 A.2d 593, it was argued that the statute concerning the receiving of stolen goods was unconstitutional, because "(a) it deprives the defendant of the right to interpose any defense other than gift or purchase; (b) it is arbitrary and unreasonable and it deprives the defendant of due process; (c) it creates a presumption of guilt and thereby shifts the burden upon the defendant to prove his innocense; (d) it takes from the court its prerogative to pass upon the legality of evidence wherein it provides that possession of stolen property is prima facie evidence of guilty knowledge; and (e) it invades the function of the jury to determine the fact of possession."

In that case the court said: "We do not think that this statute eliminates the necessity of proof of guilty knowledge. Its purpose is to dispense with affirmative proof of such knowledge and to substitute proof of recent possession from which guilty knowledge may be inferred and this is of course a fact issue for the jury * * *. In State v. Giordano, 121 N.J.L. 469, at page 471, 3 A.2d 290, at page 291, this court said, 'The statute under review, if regarded as doing no more than indicating the manner in which a presumption of guilt from proof of possession of stolen property within one year from the date of theft, may be rebutted, deprives the citizen of no constitutional guaranties but merely enacts a rule of evidence well within the general power of government.'

"The statute does not shift the burden of proof nor deprive the accused of due process nor is it arbitrary and unreasonable. State v. Giordano, supra; Casey v. United States, 276 U.S. 413, 48 S.Ct. 373, 72 L.Ed. 632; Luria v. United States, 231 U.S. 9, 34 S.Ct. 10, 58 L.Ed. 101. In the Casey case Mr. Justice Holmes speaking for the Supreme Court said [276 U.S. 413, 48 S.Ct. 374,

72 L.Ed. 632], 'The statute here talks of prima facie evidence, but it means only that the burden shall be upon the party found in possession to explain and justify it when accused of the crime that the statute creates. 4 Wigmore, Evidence, § 2494. It is consistent with all the constitutional protections of accused men to throw on them the burden of proving facts peculiarly within their knowledge and hidden from discovery by the Government. 4 Wigmore, Evidence, § 2486.' "

The later case of State v. Laster, 69 N.J.Super. 504, 174 A.2d 486, considered also the validity of the amendment to the New Jersey statute which eliminates the necessity of showing guilty knowledge by direct proof, and in its place substitutes proof of possession from which guilty knowledge may be inferred. The opinion states:

"The statute has been interpreted as creating a permissive presumption of guilty knowledge from the mere possession of stolen goods within the specified period. (citations) The statute does not shift the burden of proof, nor deprive a defendant of due process, but is merely an evidentiary rule whereby the accused must go forward with an explanation to rebut the permissive presumption.

\* \* \* \* \*

"The State need go no further to sustain a conviction than to show that the property was stolen, defendant had it in his possession within one year of its theft, and he had offered no persuasive explanation within the statute. The Legislature declared that this was sufficient to *authorize* conviction; it did not say that the jury *must* convict. Thus, the evidentiary rule established by the Legislature could not take any substantive defense away from an accused. He may still assert any defense he desires to the crime charged, and it is a question for the jury on the entire case, weighing the statutory inference of guilty knowledge and defendant's explanation, to determine whether the State has sustained its burden of proof. This is the sense in which we understand what the court said in State v. Lisena, above, when, dealing with defendant's contention that the statute deprived

him of his right to interpose any defense other than gift or purchase, it observed that Lisena 'was not deprived of the right to explain his possession. He chose not to explain.'

\* \* \* \* \*

"We conclude that the statute in no way prohibits an accused from asserting any defense he chooses. However, the State retains the benefit of the inference to be drawn from his possession of the stolen goods within one year of the stealing, and the jury should be instructed that such possession is sufficient for them to infer guilty knowledge unless the accused offers a reasonable explanation. The determination as to what is a reasonable explanation is for the jury. The statute does no more than assert that any one of the stated five explanations, if persuasively established, is reasonable."

By his plea of guilty to the information which recites that the appellant did have in his possession certain specified personal property that had wrongfully been taken from another "knowing the same to have been stolen," appellant waived any right which he may have had, to present a reasonable explanation of his possession to a jury.

We approve of the reasoning of the New Jersey courts and conclude from them and the authorities upon which they are based that NRS 205.280 is constitutional. Therefore the lower court properly denied appellant any relief on his petition for a writ of habeas corpus.

Anything said in the opinion On Petition for Rehearing in State v. Pansey, 61 Nev. 348, 130 P.2d 264, contrary to our views herein is expressly overruled.

It is unnecessary to consider the other arguments made by respondent to sustain the action of the district court.

Affirmed.

THOMPSON AND BADT, JJ., concur.