210 A.2d 873.

STATE vs. RICHARD E. KUROWSKI.

JUNE 16, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

PAOLINO, J. This is an indictment charging that the defendant on January 13, 1964, "at Providence * * * did * * * feloniously and fraudulently receive and have in his possession certain * * * property, belonging to * * * the value

of which * * * exceeds five hundred dollars, he * ** knowing the said * ·* * property to have been stolen, wherefore the said Richard E. Kurowski * * * is guilty of larceny." After a trial before a justice of the superior court sitting without a jury he was found guilty. The case is here on his exceptions to the overruling of his demurrer to the indictment and to the decision finding him guilty as charged.

The indictment is predicated on G. L. 1956, §11-41-2, which provides in pertinent part as follows:

"Every person who shall fraudulently receive any stolen * * * property, knowing the same to be stolen shall be deemed guilty of larceny * * * and the possession of any such stolen property shall be evidence of guilty knowledge by the person having such possession that such property was stolen, except such person shows that it was acquired in the due course of trade and for adequate consideration."

The stolen property was a heart-shaped, diamond pendant valued in excess of $500. The owner testified that on her return from a weekend trip on Sunday, January 12, 1964, she discovered that her home had been broken into and burgled; that she called the police immediately and gave them a list of articles taken; and the diamond pendant was among the articles taken. She also testified that the pendant was unique in that it had been especially designed and made for her as a wedding gift.

An antique dealer, whose place of business was in Providence, testified that on Monday morning, January 13, 1964, defendant came into his store and sold him the pendant; that he had purchased a couple of articles from him previously, on December 2, 1963, at which time defendant identified himself as David Williams of 49 Rochambeau avenue; and that in the course of his business he reported the purchase of the pendant to the police.

Detective Frank D. Silvia of the Providence police department testified that, from a list given the police by the

antique dealer, he recognized the pendant as being the one reported stolen by the owner; that the antique dealer identified a picture of defendant as the man who sold him the pendant under the name of David Williams; that they went to defendant's home and, although he would not let them in because they had no warrant, he went down to the police department on his own; and that when he was questioned as to how he came about having the pendant, he said he had bought it two years previously in California.

The defendant rested his case without cross-examining either the antique dealer or Detective Silvia and without presenting any evidence in his defense.

The first issue is whether §11-41-2 is constitutional. Under his exception to the overruling of his demurrer defendant contends that the portion of §11-41-2 providing that "the possession of any such stolen property shall be evidence of guilty knowledge by the person having such possession that such property was stolen, except such person shows that it was acquired in the due course of trade and for adequate consideration," violates specified clauses of our state and federal constitutions. In substance he argues that the quoted portion of the statute deprives him of his liberty without due process of law, denies him the presumption of innocence and violates his privilege against self-incrimination.

In *State* v. *O'Neill*, 53 R. I. 497, the court said at page 499: "This statute creates a presumption of guilty knowledge against the possessor of stolen goods and gives him the right to rebut this presumption by showing he acquired the goods in due course of trade and for adequate consideration." This is a rule of evidence prescribed by the legislature. In *State* v. *Tutalo*, 99 R. I. 14, 19, 205 A.2d 137, 140, in discussing the authority of the legislature to prescribe evidentiary rules, this court said:

"In the exercise of that right the legislature may, with limitations, and even in criminal cases, provide

that when certain facts have been proved, they shall be prima facie or presumptive evidence of other facts. * * *

"The limitations are: There must be a natural and rational relation between the fact proved and that presumed; the fact inferred from the fact actually proved cannot be purely arbitrary or wholly unreasonable; and the accused in all events must be given the right to have the triers of fact determine guilt or innocence after giving such weight to the presumption as they shall deem proper."

There is a rational and reasonable relationship between the rebuttable presumption in §11-41-2 and the fact to be proved thereby, namely, guilty knowledge that the property was stolen. The phrase "guilty knowledge" as used in the second clause of §11-41-2 refers back to the phrase "knowing the same to be stolen" in the first clause thereof and means a fraudulent intent concurrent with the act. The statute does not eliminate the necessity of proof of guilty knowledge or of any other essential element of the offense of receiving stolen goods. As the court said in *State* v. *Lisena,* 129 N.J.L. 569, 571, aff'd 131 N.J.L. 39, which involved a constitutional challenge to a statute substantially similar to that in the case at bar:

"We do not think that this statute eliminates the necessity of proof of guilty knowledge. Its purpose is to dispense with affirmative proof of such knowledge and to substitute proof of recent possession from which guilty knowledge may be inferred and this is of course a fact issue for the jury. Lisena was not deprived of the right to explain his possession. He chose not to explain. He did not take the witness stand. In *State* v. *Giordano,* 121 N.J.L. 469 (at p. 471), this court said:

" 'The statute under review, if regarded as doing nothing more than indicating the manner in which a presumption of guilt from proof of possession of stolen property within one year from the date of theft, may be rebutted, deprives the citizen of no constitutional

guarantee but merely enacts a rule of evidence well within the general power of government.' "

The court in *Lisena* continued:

"The statute does not shift the burden of proof nor deprive the accused of due process nor is it arbitrary and unreasonable. * * * In the Casey case Mr. Justice Holmes speaking for the Supreme Court said:

" 'The statute here talks of *prima facie* evidence but it means only that the burden shall be upon the party found in possession to explain and justify it when accused of the crime that the statute creates. 4 *Wigmore, Evidence,* §2494. It is consistent with all the constitutional protections of accused men to throw on them the burden of proving facts peculiarly within their knowledge and hidden from discovery by the government. 4 *Wigmore, Evidence,* §2486.' "

Under the second issue the defendant briefs and argues his exception to the decision finding him guilty. He argues in substance that the state has failed to prove beyond a reasonable doubt that he received the pendant knowing that it had been stolen or under circumstances from which such knowledge could be inferred. We do not agree with this conclusion.

Volume 2 Wharton's Criminal Law and Procedure, §566, p. 275, states in part:

"The offense of receiving stolen goods consists in (1) the act of receiving goods (2) which have been stolen, (3) with knowledge of that fact, and (4) with such intent or mental state as is prescribed by the particular statute."

Our statute, §11-41-2, provides that "Every person who shall *fraudulently* receive * * * any property, *knowing* the same to be stolen * * *." (italics ours)

In *State* v. *O'Neill, supra,* at page 499, the court said: "The statute, cap. 1208, *supra,* states that possession of stolen property shall be evidence of 'guilty knowledge' and 'guilty knowledge' as distinguished from 'belief' may be shown

by circumstantial as well as by direct evidence." See also Anno., 68 A.L.R. 187, on question of possession of recently stolen goods by one charged with receiving them as evidence on the question of guilty knowledge.

The undisputed evidence here is that the pendant was stolen and that it was in defendant's possession in Providence on Monday, January 13, 1964. On the question of guilty knowledge, the trial justice relied on the uncontradicted evidence that defendant had used a name other than his own in disposing of the article, on his obviously untrue statement to the police that he had purchased it two years ago in California, and finally on defendant's possession of the pendant within days of its theft under the presumption created by §11-41-2.

In our opinion the findings of fact made by the trial justice are supported by the evidence. In the circumstances he was warranted in inferring guilty knowledge on the part of the defendant. See *State* v. *Bennett,* 92 R. I. 316, 322. We find no error in his decision. *State* v. *Toti,* 94 R. I. 212, 179 A.2d 488, and *State* v. *Montella,* 88 R. I. 469, are not in point and therefore require no discussion. We have carefully considered all of the defendant's contentions, even though not specifically mentioned herein.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel, for State.

*Aram K. Berberian,* for defendant.