ROBERT VINCIL CARTER, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 5014

June 15, 1966                                  415 P.2d 325

*Mendoza, Foley & Garner,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, of Carson City; *Edward G. Marshall,* District Attorney of Clark County, and *Monte J. Morris,* Deputy District Attorney, of Las Vegas, for Respondent.

# O P I N I O N

By the Court, THOMPSON, J.:

This appeal challenges the constitutionality of NRS 205.280[1] which defines the misdemeanor of receiving stolen goods and authorizes a conviction upon showing that the defendant had possession of the goods within 6 months of the date of wrongful taking, unless specified circumstances are shown to exist. Carter was convicted and sentenced under this statute. He contends that the statutory presumption of guilt from mere possession within the 6 months period is constitutionally impermissible since there is no reasonable connection between possession (the fact proved) and knowledge that the goods were stolen (the fact presumed), thereby violating due process requirements. Tot v. United States, 319

---

[1]NRS 205.280 reads: "Receiving stolen goods: When a gross misdemeanor.

"1. Every person who receives or buys property that has been wrongfully taken from any other person in any manner, whether or not the act of wrongful taking occurred outside the State of Nevada, and whether or not the property was bought or received from a person other than the person wrongfully taking such property, shall be guilty of a gross misdemeanor.

"2. If such person is shown to have had possession of such property within 6 months from the date of the wrongful taking, such possession shall constitute sufficient evidence to authorize conviction, unless: (a) The property was a gift; or (b) The amount paid for the property represented its fair and reasonable value; (c) The person buying such property knew or made inquiries sufficient to satisfy a reasonable man that the seller was in a regular and established business dealing in property of the description of the property purchased; or (d) The person receiving or buying such property has simultaneously with the receipt or sale reported the transaction to the appropriate local police authorities."

U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1942); United States v. Romano, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965). Appellant also contends that the statute is constitutionally infirm because it compelled him to testify and explain his possession of the goods in violation of his Fifth Amendment privilege against self incrimination. On this point, his argument rests upon the dissenting opinions of Justice Black and Justice Douglas in United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965) and the concurring opinions of those justices in United States v. Romano, supra.

Only last year this court, relying upon New Jersey case authority [State v. Giordano, 121 N.J.L. 469, 3 A.2d 290 (1939); State v. Lisena, 129 N.J.L. 569, 30 A.2d 593 (1943); State v. Laster, 69 N.J.Super. 504, 174 A.2d 486 (1961)], declared NRS 205.280 constitutional, stating, inter alia: "The statute does not shift the burden of proof, nor deprive a defendant of due process, but is merely an evidentiary rule whereby the accused must go forward with an explanation to rebut the permissive presumption." Cox v. State, 81 Nev. 48, 398 P.2d 538, 539 (1965). Cox was decided before the United States Supreme Court handed down the opinions in United States v. Gainey, supra, and United States v. Romano, supra. In Gainey, by a vote of 7 to 2, the High Court upheld the constitutionality of 26 U.S.C. § 5601(b)(2) against the attack that it violated due process, while in Romano a unanimous court struck down a companion section 26 U.S.C. § 5601(a)(1), on due process grounds distinguishing Gainey. The guide lines established by Gainey and Romano have caused us to reconsider our holding in Cox v. State, supra, and we now conclude that Cox was erroneously decided.

1.   The due process clause of the Fourteenth Amendment sets limits upon the power of a state legislature to make the proof of one fact or group of facts evidence of the existence of the ultimate fact on which guilt is predicated. Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1942). Our inquiry is whether NRS 205.280 transgresses those limits. As stated by the

court in Tot, "There must be a rational connection between the facts proved and the fact presumed * * *," to satisfy the requirements of due process. In Romano, supra, the court applied that test to a charge that the defendant was in "possession, custody and control" of an illegal still in violation of 26 U.S.C. § 5601(a)(1) and the statutory provision of 26 U.S.C. § 5601(b)(1) that "Whenever on trial for violation of subsection (a)(1) the defendant is shown to have been at the site or place where, and at the time when, a still or distilling apparatus was set up without having been registered, such presence of the defendant shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such presence to the satisfaction of the jury (or of the court when tried without a jury)." The issue was whether proof of the defendant's presence at the still site was evidence sufficient to authorize a conviction that he was in possession, custody or control of an illegal still. The court wrote: "The crime remains possession, not presence, and, with due deference to the judgment of Congress, the former may not constitutionally be inferred from the latter." Mr. Justice White carefully pointed out that the defendant's presence at the still site was as compatible with other activities there as it was with possession of an illegal still and was, therefore, "too tenuous to permit a reasonable inference of guilt."

The same rationale applies with equal force to NRS 205.280. The legislature has provided that the defendant's mere possession of stolen goods within 6 months of the wrongful taking is evidence sufficient to authorize a conviction of the crime of receiving stolen goods with the knowledge that they were stolen. Though possession is relevant and admissible evidence, it does not necessarily point to guilt. The defendant may have purchased the goods for fair value, or they may have been given to him. In either case, he would not be guilty under the statute. Clearly, the statutory presumption of guilt from possession is arbitrary and cannot satisfy due process requirements, nor may it be said, in these circumstances, that the presumption meets the burden

cast upon the state to prove the defendant's guilt beyond a reasonable doubt. We hold that NRS 205.280 violates the due process clause of the Fourteenth Amendment to the United States Constitution and the due process clause of Art. 1, § 8 of the Nevada Constitution. The case of State v. Kurowski, 210 A.2d 873 (R.I. 1965), relied upon by the prosecution, was decided under a statute quite different than ours and is inapposite. For other cases discussing this general problem, see Annot., 13 L.Ed.2d 1138.

2. It is unnecessary to consider other assigned errors and, particularly, whether the statute violates the rule against compelled testimony mandated by the Fifth Amendment.

Reversed and defendant discharged.

ZENOFF, D. J., and BARRETT, D. J., concur.