255 A.2d 727.

STATE *vs.* ROGER W. CARD.

JUNE 27, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

754

Powers, J. The defendant was indicted for a violation of G. L. 1956, §11-41-2, which provides:

> "Every person who shall fraudulently receive any stolen money, goods, securities, chattels or other property, knowing the same to be stolen shall be deemed guilty of larceny, although the person who stole the same may not have been prosecuted or convicted therefor; and the possession of any such stolen property shall be evidence of guilty knowledge by the person having such possession that such property was stolen, except such person shows that it was acquired in the due course of trade and for adequate consideration."[1]

The case was tried to a superior court justice sitting with a jury which returned a verdict of guilty. It is before us on the defendant's bill of exceptions which contains three assignments of error that were both orally argued and briefed. All other exceptions are deemed to have been waived. *State*

---

[1] The placing of the burden on defendant to go forward and rebut the statutory presumption is of particular moment here for the reason that the instant defendant elected not to testify.

v. *Franklin,* 103 R. I. 715, 241 A.2d 219; *State* v. *Leavitt,* 103 R. I. 273, 237 A.2d 309.

The evidence establishes that Melford Barnes, general manager of Mel Co. Ed. Inc., which manufactures jewelry findings, on leaving the plant at 381 Roosevelt Avenue, Pawtucket, on Saturday, May 14, 1966, was aware of a quantity of metals which had recently been transferred from a Providence plant. On returning to work Monday, May 16, 1966, Mr. Barnes noticed that some of the aforesaid metal was missing. The police were immediately notified, and the following day they and Barnes visited New England Metal Company, Inc., a Providence concern, where Barnes identified approximately three tons of non-ferrous metals as being that which had been stolen from his plant. The evidence further establishes that the metal in question was sold to New England Metal by an individual whom Irving Glatt, New England's foreman, identified as defendant.

At the trial, four photographs of the subject metals were introduced into evidence. The pictures, according to the testimony of Barnes and Glatt, were taken by a police officer who did not testify. However, it was established that the pictures were taken at the New England Metal plant, and both Barnes and Glatt testified that they accurately portrayed the metal as that which Barnes identified as having been stolen, and which Glatt identified as having been delivered by defendant.

In direct examination, Glatt was questioned regarding New England Metal's purchase from defendant. Specifically asked when the check would have been made out to pay for such purchase, Glatt answered that this was an office detail with which he would not be familiar. He was then asked:

"66.   Q:   In relation to that shipment which was received, when would it normally be paid?"

No objection was made until Glatt stated:

> "A:    Well, I have known cases that it has
> been made out that day."

At this point defendant objected and was overruled, the trial justice noting defendant's exception. The witness Glatt, continuing with his answer, then said:

> "A:    Also I know there have been cases
> when it has been paid a week or two
> later. I don't know — this is not my
> scope of operation."

This last stated exception is one of the three which defendant pressed in this court.

After the jury's verdict of guilty, defendant seasonably moved for a new trial. This motion was heard by the trial justice and denied. Thereafter defendant duly prosecuted a bill of exceptions to this court.

The first exception in said bill which is before us is that taken to the trial justice's allowance of Glatt's answer to question number 66 heretofore quoted. It is defendant's argument that the witness Glatt, having previously answered that the time within which payments for purchases would be made was an office detail with which he was not familiar, should not have been permitted to testify that he knew of payments to have been made on the day of delivery.

This argument lacks merit for several reasons. First, the objection did not come until that portion of the answer to which defendant objected had been given, and thereafter defendant made no motion to strike. See *Powell* v. *Gallivan*, 44 R. I. 453, 118 A. 769.

Further, the objection came before the witness had completed his answer, and when the full answer is considered, there is no inconsistency between it and the witness's prior testimony. Moreover, we are unable to perceive how, if erroneously allowed, the witness's answer is prejudicial. This exception is overruled.

The second exception pressed by defendant is to the trial justice's overruling of defendant's objection to the admission into evidence of the four photographs heretofore mentioned. Since the police officer who took the pictures did not testify, defendant argues, it was essential to the admissibility of the pictures that a proper foundation be laid through a valid authentication by someone having personal knowledge that the pictures were an accurate representation of the subject they depicted, citing *State* v. *Esposito,* 73 R. I. 94, 54 A.2d 1. Relying on this rule, defendant further argues that no such foundation was laid. We are in full accord with the rule on which defendant relies, but are unable to agree that the record is barren of testimony competent to support the trial justice's exercise of discretion in permitting the pictures to be introduced. *State* v. *Bennett,* 92 R. I. 316, 168 A.2d 282. A fair reading of the testimony of both Barnes and Glatt persuades us that the admissibility of the pictures was not an abuse of the trial justice's discretion that this court should disturb. This exception is also overruled.

The defendant's final exception is to the trial justice's denial of his motion for a new trial. With respect to this contention, defendant makes several arguments, most of which go to the weight that the trial justice gave or did not give to the evidence as defendant views it. Such argument is unavailing, however, unless it tends to establish that the trial justice in passing on the new trial motion either failed to exercise his independent judgment in considering the evidence and passing on credibility, *State* v. *Pella,* 101 R. I. 62, 220 A.2d 226, or in the performance of that duty misconceived or overlooked material evidence on a controlling issue, *State* v. *Herbert,* 89 R. I. 355, 152 A.2d 545. If the decision were faulty in either respect it would be the duty of this court to disregard the trial justice's decision and examine the evidence for ourselves to determine whether

there were any, which if believed, would be competent to support the jury's verdict of guilty beyond a reasonable doubt. Such evidence appearing, the jury's verdict will not be disturbed by us, *State* v. *Contreras* filed May 14, 1969. In the case at bar, however, defendant does not seriously contend that the trial justice either failed to exercise his independent judgment, or having exercised such judgment, overlooked or misconceived material evidence, nor, from our reading of the trial justice's decision could such a contention be validly made. What he principally argues is that the trial justice's decision is contrary to the law and the evidence in that proof of defendant's having *fraudulently* received the stolen metals is an essential element of the offense charged and that the record is barren of any evidence in this regard. In *State* v. *Kurowski*, 100 R. I. 25, 28, 210 A.2d 873, 875, this court held, "The phrase 'guilty knowledge' as used in the second clause of §11-41-2 refers back to the phrase 'knowing the same to be stolen' in the first clause thereof and means a fraudulent intent concurrent with the act." It was with this interpretation of the presumption created by §11-41-2 that the trial justice instructed the jury in his charge. No exception having been taken thereto, the instruction as given is the law of the case. *State* v. *Pella, supra.*

It is fundamental that in exercising his independent judgment when passing on a new trial motion, the trial justice must apply the evidence as he views it to the law that he gave to the jury. *Lee* v. *Kindelan,* 80 R. I. 212, 95 A.2d 51, *cert. denied,* 345 U. S. 1000, 73 S. Ct. 1146, 97 L. Ed. 1406. Hence we find no valid ground to fault the trial justice in denying defendant's motion for a new trial, and defendant's exception thereto is also overruled.

Even so, defendant further argues that §11-41-2 is unconstitutional in that it creates a presumption of guilt contrary to the protection guaranteed by art. I, secs. 10 and 14

of the constitution of this state, and the due process guarantees of art. 14 of amendments to the constitution of the United States. This question of constitutionality was raised for the first time in this court, and the state contends that it is not properly before us. Citing *State* v. *Quattrocchi*, 103 R. I. 115, 235 A.2d 99; *State* v. *Hartman*, 65 R. I. 174, 14 A.2d 18; *State* v. *Werner*, 87 R. I. 314, 140 A.2d 502. In reply, defendant argues, in essence, that the instant case presents a situation where refusal by this court to consider the constitutionality of the subject statute would amount to adherence to state procedure in violation of a basic constitutional right, which adherence would be violative of the rule enunciated in *Fay* v. *Noia*, 372 U. S. 391, 83 S. Ct. 822, 9 L. Ed. 2d 837.

Be that as it may, this clash of positions between defendant and the state is rendered academic by the decision of this court in *State* v. *Kurowski, supra.* There, the constitutionality of the subject statute was considered with regard to those contentions made by the instant defendant, and upheld.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*Herbert F. DeSimone,* Attorney General, *Luc R. LaBrosse,* Special Asst. Attorney General, *Donald P. Ryan,* Asst. Attorney General, of counsel, for plaintiff.

*Jacob J. Alprin, John A. Mutter,* for defendant.