The majority is undoubtedly correct in its conclusion that the appellee failed to meet the burden of proof as set out in section 22-52-10. Consequently this court has no choice but to reverse and I concur in the reversal. I differ from the majority, however, in that I believe this case requires more than a mere reversal. It is my position that the case should be reversed and remanded to the probate court for a determination based upon the considerations as elucidated below.
This special concurrence is spawned by the probate court's refusal to allow testimony of events which occurred more than six months prior to the hearing. Apparently the probate court was of the opinion that this limitation was required by the word "recent" as used in section 22-52-10 (a)(3). I have been, however, unable to find any language in the statute or cases which requires such a limitation on the taking of evidence in involuntary commitment proceedings.
I will first consider the statute itself. The language used in section 22-52-10 is taken almost verbatim from the opinion of the United States District Court in Lynch v. Baxley,386 F. Supp. 378 (M.D.Ala. 1974).[1]
In discussing the recent overt act requirement the court stated:
 To confine a citizen against his will because he is likely to be dangerous in the future, it must be shown that he has actually been dangerous in the recent past and that such danger was manifested by an overt act, attempt or threat to do substantial harm to himself or to another.
386 F. Supp. at 391. The court made no attempt beyond the quoted language to explain or define "recent."
It is not surprising that the federal district court failed to define "recent" for few courts have attempted to formulate a concise definition of "recent." In an early case our supreme court said that "recent" is "incapable of exact or precise definition." White v. State, 72 Ala. 195, 200 (1882). Instead of defining "recent," most courts have simply described "recent" as a relative term whose exact definition depends upon the facts and circumstances of each separate case. White v.State, supra; Brown v. State, 262 Ark. 298, 556 S.W.2d 418
(1977); State v. Sharp, 174 Kan. 672, 258 P.2d 306 (1953);State v. Giordano, 121 N.J.L. 469, 3 A.2d 290 (1939). Absent a consideration of the facts and circumstances of each separate case, "recent" has no meaning.
The six month limitation on receipt of evidence that was imposed by the probate court in this case is not consonant with the law as discussed above. The six month limitation was an attempt by the probate court to define "recent" without considering the totality of the circumstances. I would thus remand the case to the probate court to allow the parties to introduce further pertinent testimony, if any exists, of events or actions which occurred beyond the six month limitation. With the full circumstances of the case before it, the probate court may then properly determine if the appellee has met his burden of proof under section 22-52-10, particularly whether "the threat of substantial harm has been evidenced by a recent overt act." *Page 908 
I emphasize that I do not mean to say that an act or event which occurred seven months, or eight months or even four months prior to the hearing is necessarily recent as contemplated by the statute. All I mean to say is that what acts or events are "recent" as contemplated by the statute can be determined only after considering the facts and circumstances of the case in their entirety.
I would further note that, to me, the record clearly reveals the appellant is mentally ill and is in need of treatment. Upon proper consideration by the probate court perhaps appropriate treatment will be forthcoming.
[1] In Lynch v. Baxley the federal district court held that Alabama's prior involuntary commitment statute was unconstitutional.